IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

        Plaintiff,

                            Case No. 2:17-cv-13737

v.

                            Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

        Defendant.

_____/

CARLA D. AIKENS, P.C.
CARLA D. AIKENS  (P-69530)
Attorney for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan  48226
carla@aikenslawfirm.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
MEGAN P. NORRIS  (P-39318)
Attorneys for Defendant Nielsen Holdings, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## ANSWER

NOW COMES Defendant, THE NIELSEN COMPANY (US), LLC ("Defendant"), through its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., and hereby answers the Complaint (as amended by Court Order dated February 8, 2018) of DAVID CAUDLE, Plaintiff herein, as follows:

## Jurisdiction

1.      Defendant neither admits nor denies the allegations set forth in paragraph 1 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

2.      Defendant admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that certain events related to Plaintiff's employment took place in Wayne County, Michigan.  Defendant denies that all events relating to Plaintiff's employment took place in Wayne County Michigan or that all events alleged in Plaintiff's Complaint took place at all because the allegations are untrue.

4.      Defendant neither admits nor denies the allegations set forth in paragraph 4 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

5.      Defendant neither admits nor denies the allegations set forth in paragraph 5 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

## Venue

6.      Defendant denies the allegation that unlawful employment discrimination giving rise to Plaintiff's claims occurred in the Eastern District of Michigan or any other District because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

## Statement of Facts

7.      Defendant admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.      Defendant admits that its Field Representatives have a number of duties, including but not limited to attaching equipment to various devices within certain households.

9.      Defendant neither admits nor denies the allegations set forth in paragraph 9 of Plaintiff's Complaint because "persuade" is not defined.  Defendant admits only that is Field Representatives are directed to attempt to identify all devices in the home.

10.     Defendant denies the allegations set forth in paragraph 10 of Plaintiff's Complaint because the allegations are untrue.

11.     Defendant neither admits nor denies the allegations set forth in paragraph 11 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

12.     Defendant denies the allegations set forth in paragraph 12 of Plaintiff's Complaint because the allegations are untrue.

13.     Defendant neither admits nor denies the allegations set forth in paragraph 13 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

14.     Defendant neither admits nor denies the allegations set forth in paragraph 14 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

15.     Defendant neither admits nor denies the allegation that Plaintiff used his sick days and absent days "first" because Plaintiff does not reference before what other option Plaintiff used his sick days.  Defendant denies that Company policy allows an employee to use sick days in lieu of time off under the Family and

Medical Leave Act, if that is the option to which Plaintiff refers, because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

16.     Defendant admits the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     Defendant admits the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.     Defendant neither admits nor denies the allegations set forth in paragraph 18 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

19.     Defendant admits only that on July 7, 2014, Plaintiff was placed on a performance improvement plan.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

20.     Defendant denies the allegations set forth in paragraph 20 of Plaintiff's Complaint because the allegations are untrue.

21.     Defendant neither admits nor denies that being placed on a performance improvement plan is a "negative employment consequence" because the allegation states a legal conclusion for which no answer is required.  Defendant denies that Plaintiff was the only person for whom failure to meet failure to meet metering goals was addressed because the allegation is untrue.

22.     Defendant neither admits nor denies the allegations set forth in paragraph 22 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

23.     Defendant neither admits nor denies the allegations set forth in paragraph 23 of Plaintiff's Complaint because Plaintiff's 2014 Performance Evaluation speaks for itself.

24.     Defendant neither admits nor denies the allegations set forth in paragraph 24 of Plaintiff's Complaint because Plaintiff's 2014 Performance Evaluation speaks for itself.

25.     Defendant neither admits nor denies the allegations set forth in paragraph 25 of Plaintiff's Complaint because Plaintiff's 2014 Performance Evaluation speaks for itself.

26.     Defendant neither admits nor denies the allegations set forth in paragraph 26 of Plaintiff's Complaint because Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

27.     Defendant neither admits nor denies the allegations set forth in paragraph 27 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

28.     Defendant neither admits nor denies the allegations set forth in paragraph 28 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

29.     Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint because the allegations are untrue.  By way of further answer, Defendant avers that sick and vacation days run concurrently with FMLA leave, and Plaintiff was never forced to take time off.

30.     Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint because the allegations are untrue.

31.     Defendant neither admits nor denies the allegations set forth in paragraph 31 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

32.     Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint because the allegations are untrue.

33.     Defendant admits that it conducts audit reviews of randomly selected properties.  Defendant denies that that the allegations set forth in paragraph 33 correctly set forth the purpose or scope of the audit reviews because the allegations are untrue.

34.     Defendant neither admits nor denies the allegations set forth in paragraph 34 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

35.     Defendant neither admits nor denies the allegations set forth in paragraph 35 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

36.     Defendant neither admits nor denies the remaining allegations set forth in paragraph 36 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

37.     Defendant neither admits nor denies the allegations set forth in paragraph 37 of Plaintiff's Complaint because Plaintiff's 2015 Performance Evaluation speaks for itself.

38.     Defendant neither admits nor denies the allegations set forth in paragraph 38 of Plaintiff's Complaint because Plaintiff's 2015 Performance Evaluation speaks for itself.

39.     Defendant neither admits nor denies the allegations set forth in paragraph 39 of Plaintiff's Complaint because Plaintiff's 2015 Performance Evaluation speaks for itself.

40.     Defendant denies the allegations set forth in paragraph 40 of Plaintiff's Complaint because the allegations are untrue.

41.     Defendant neither admits nor denies the allegations set forth in paragraph 41 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

42.     Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint because the allegations are untrue.

43.     Defendant denies the allegations set forth in paragraph 43 of Plaintiff's Complaint because the allegations are untrue.

44.     Defendant denies the allegations set forth in paragraph 44 of Plaintiff's Complaint because the allegations are untrue.

45.     Defendant neither admits nor denies the allegations set forth in paragraph 45 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

46.     Defendant denies the allegations set forth in paragraph 46 of Plaintiff's Complaint because the allegations are untrue.

47.     Defendant neither admits nor denies the allegations set forth in paragraph 47 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

48.     Defendant neither admits nor denies the allegations set forth in paragraph 48 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

49.     Defendant neither admits nor denies the allegations set forth in paragraph 49 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

50.     Defendant denies the allegations set forth in paragraph 50 of Plaintiff's Complaint because the allegations are untrue.

51.     Defendant neither admits nor denies the allegations set forth in paragraph 51 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

52.     Defendant admits only that Plaintiff took a medical leave beginning in August 2016.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 52 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

53.     Defendant denies the allegations set forth in paragraph 53 of Plaintiff's Complaint because the allegations are untrue.  By way of further answer, Defendant avers that paid sick and vacation days run concurrently with FMLA leave, and Plaintiff was never forced to take time off.

54.     Defendant admits only that Plaintiff began a medical leave in August 2016.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 54 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

55.     Defendant neither admits nor denies the allegations set forth in paragraph 55 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

56.     Defendant neither admits nor denies the allegations set forth in paragraph 56 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

57.     Defendant admits that Plaintiff returned to work in late September or early October of 2016.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 57 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

58.     Defendant denies the allegations set forth in paragraph 58 of Plaintiff's Complaint because the allegations are untrue.

59.     Defendant neither admits nor denies the allegations set forth in paragraph 59 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

60.     Defendant neither admits nor denies the allegations set forth in paragraph 60 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

61.     Defendant denies that Mr. Dinsmore complained about Plaintiff's leaves because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 61 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

62.     Defendant admits that when Plaintiff returned from a leave of absence, he was suspended pending investigation into concerns that were uncovered during Plaintiff's absence, including but not limited to Plaintiff's failure to meter all of the devices in certain homes.

63.     Defendant neither admits nor denies the allegations set forth in paragraph 63 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

64.     Defendant neither admits nor denies the allegations set forth in paragraph 64 of Plaintiff's Complaint because Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

65.     Defendant neither admits nor denies the allegations set forth in paragraph 65 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

66.     Defendant denies the allegations set forth in paragraph 66 of Plaintiff's Complaint because the allegations are untrue.

67.     Defendant neither admits nor denies the allegations set forth in paragraph 67 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

68.     Defendant neither admits nor denies the allegations set forth in paragraph 68 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

69.     Defendant admits that one customer would not allow anyone other than Plaintiff to service its home.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 69 of Plaintiff's Complaint because

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

70.    Defendant neither admits nor denies the allegations set forth in paragraph 70 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

71.    Defendant neither admits nor denies the allegations set forth in paragraph 71 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

72.    Defendant admits only that when a customer is no longer serviced, Defendant retrieves its equipment.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 72 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

73.    Defendant admits that Mr. Dinsmore offered a dissatisfied customer a gift card.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 73 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

15

74.     Defendant neither admits nor denies the allegations set forth in paragraph 74 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

75.     Defendant admits the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76.     Defendant neither admits nor denies the allegations set forth in paragraph 76 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

77.     Defendant neither admits nor denies the allegations set forth in paragraph 77 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

78.     Defendant neither admits nor denies the allegations set forth in paragraph 78 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

79.     Defendant neither admits nor denies the allegations set forth in paragraph 79 of Plaintiff's Complaint because Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

80. Defendant neither admits nor denies the allegations set forth in paragraph 80 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

81. Defendant neither admits nor denies the allegations set forth in paragraph 81 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

82. Defendant denies the allegations set forth in paragraph 82 of Plaintiff's Complaint because the allegations are untrue.

83. Defendant denies the allegations set forth in paragraph 83 of Plaintiff's Complaint because the allegations are untrue.

84. Defendant neither admits nor denies the allegations set forth in paragraph 84 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

85. Defendant neither admits nor denies the allegations set forth in paragraph 85 of Plaintiff's Complaint because Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

86.     Defendant neither admits nor denies the allegations set forth in paragraph 86 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

87.     Defendant neither admits nor denies the allegations set forth in paragraph 87 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

88.     Defendant admits that it would be inappropriate for Plaintiff to contact customers while he was suspended.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 88 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

89.     Defendant neither admits nor denies the allegations set forth in paragraph 89 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

90.     Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC dated October 24, 2015.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 90 of Plaintiff's Complaint because the Charge of Discrimination speaks for itself and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff actually filed his Charge with the Detroit office of the EEOC on the date indicated on the Charge and therefore leaves Plaintiff to his proofs.

91.     Defendant denies the allegations set forth in paragraph 91 of Plaintiff's Complaint because the allegations are untrue.

92.     Defendant admits that the EEOC issued a Dismissal and Notice of Rights dated August 18, 2017.

## Count I
## Retaliation in Violation of Title VII

93.     Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 92 of Plaintiff's Complaint.

94.     Defendant neither admits nor denies the allegations set forth in paragraph 94 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

95.     Defendant neither admits nor denies the allegations set forth in paragraph 95 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

96.     Defendant denies that it has violated Title VII of the Civil Rights Act of 1964 in any way because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 96 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

97.     Defendant neither admits nor denies the allegations set forth in paragraph 97 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

98.     Defendant neither admits nor denies the allegations set forth in paragraph 98 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

99.     Defendant admits only that Plaintiff's supervisors were aware that Plaintiff had requested and was granted time off due to a medical condition. Defendant neither admits nor denies the allegation that this request constitutes protected activity because the allegation states a legal conclusion for which no answer is required.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 99 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

100.    Defendant denies the allegations set forth in paragraph 100 of Plaintiff's Complaint because the allegations are untrue.

101.   Defendant denies the allegations set forth in paragraph 101 of Plaintiff's Complaint because the allegations are untrue.

102.   Defendant denies the allegations set forth in paragraph 102 of Plaintiff's Complaint because the allegations are untrue.

103.   Defendant denies the allegations set forth in paragraph 103 of Plaintiff's Complaint because the allegations are untrue.

104.   Defendant denies the allegations set forth in paragraph 104 of Plaintiff's Complaint because the allegations are untrue.

105.   Defendant neither admits nor denies the allegations set forth in paragraph 105 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

**Count II**
**Retaliation in Violation of the Elliott-Larsen Civil Rights Act**

106.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 105 of Plaintiff's Complaint.

107.   Defendant neither admits nor denies the allegations set forth in paragraph 107 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

108.   Defendant denies that it has violated the Michigan Elliott-Larsen Civil Rights Act in any way because the allegation is untrue.  Defendant neither admits

nor denies the remaining allegations set forth in paragraph 108 of Plaintiff's

Complaint because the allegations state legal conclusions for which no answer is

required.

109.   Defendant denies that many of the events alleged in Plaintiff's

Statement of Facts occurred because the allegations are untrue.  Defendant neither

admits nor denies the remaining allegations set forth in paragraph 109 of Plaintiff's

Complaint because the allegations state legal conclusions for which no answer is

required.

110.   Defendant neither admits nor denies the allegations set forth in

paragraph 110 of Plaintiff's Complaint because the allegations state legal

conclusions for which no answer is required.

111.   Defendant admits only that Plaintiff's supervisors were aware that

Plaintiff had requested and was granted time off due to a medical condition.

Defendant neither admits nor denies the allegation that this request constitutes

protected activity because the allegation states a legal conclusion for which no

answer is required.  Defendant neither admits nor denies the remaining allegations

set forth in paragraph 111 of Plaintiff's Complaint because Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the

allegations and therefore leaves Plaintiff to his proofs.

112.   Defendant denies the allegations set forth in paragraph 112 of Plaintiff's Complaint because the allegations are untrue.

113.   Defendant denies the allegations set forth in paragraph 113 of Plaintiff's Complaint because the allegations are untrue.

114.   Defendant denies the allegations set forth in paragraph 114 of Plaintiff's Complaint because the allegations are untrue.

115.   Defendant denies the allegations set forth in paragraph 115 of Plaintiff's Complaint because the allegations are untrue.

116.   Defendant denies the allegations set forth in paragraph 116 of Plaintiff's Complaint because the allegations are untrue.

117.   Defendant neither admits nor denies the allegations set forth in paragraph 117 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

**Count III**
**Retaliation in Violation of the FMLA**

118.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 117 of Plaintiff's Complaint.

119.   Defendant denies that either Defendant named in the caption of this matter was ever Plaintiff's employer because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 119 of

Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

120.   Defendant neither admits nor denies the allegations set forth in paragraph 120 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

121.   Defendant admits the allegations set forth in paragraph 121 of Plaintiff's Complaint.

122.   Defendant denies the allegations set forth in paragraph 122 of Plaintiff's Complaint because the allegations are untrue.

123.   Defendant denies that many of the events alleged in Plaintiff's Statement of Facts occurred because the allegations are untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 123 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

124.   Defendant admits only that Plaintiff requested and was granted time off for medical reasons.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 124 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

125.   Defendant admits only that Plaintiff requested and was granted time off.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 125 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

126.   Defendant admits only that Plaintiff was terminated from his employment of approximately five years subsequent to returning from his leave of absence.  Defendant denies the remaining allegations set forth in paragraph 126 of Plaintiff's Complaint because the allegations are untrue.

127.   Defendant neither admits nor denies the allegations set forth in paragraph 127 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

### Count IV
### Disability Harrasment [sic]-Discrimination in Violation of the Americans With Disabilities Act of 1990

128.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 127 of Plaintiff's Complaint.

129.   Defendant neither admits nor denies the allegations set forth in paragraph 129 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

130.   Defendant neither admits nor denies the allegations set forth in paragraph 130 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

131.   Defendant neither admits nor denies the allegations set forth in paragraph 131 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

132.   Defendant denies the allegations set forth in paragraph 132 of Plaintiff's Complaint because the allegations are untrue.

133.   Defendant neither admits nor denies the allegations set forth in paragraph 133 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

**Count V**
**Disability Harrasment [sic]-Discrimination in Violation**
**of the Michigan Persons With Disability [sic] Act**

134.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 133 of Plaintiff's Complaint.

135.   Defendant neither admits nor denies the allegations set forth in paragraph 135 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

136.   Defendant neither admits nor denies the allegations set forth in paragraph 136 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

137.   Defendant neither admits nor denies the allegations set forth in paragraph 137 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

138.   Defendant denies the allegations set forth in paragraph 138 of Plaintiff's Complaint because the allegations are untrue.

139.   Defendant denies the allegations set forth in paragraph 139 of Plaintiff's Complaint because the allegations are untrue.

140.   Defendant denies the allegations set forth in paragraph 140 of Plaintiff's Complaint because the allegations are untrue.

141.   Defendant neither admits nor denies the allegations set forth in paragraph 141 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

## Count VI
## Retaliation in Violation of the PWDCRA

142.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 141 of Plaintiff's Complaint.

143.   Defendant neither admits nor denies the allegations set forth in paragraph 143 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

144.   Defendant neither admits nor denies the allegations set forth in paragraph 144 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

145.   Defendant denies the allegations set forth in paragraph 145 of Plaintiff's Complaint because the allegations are untrue.

146.   Defendant denies the allegations set forth in paragraph 146 of Plaintiff's Complaint because the allegations are untrue.

147.   Defendant denies the allegations set forth in paragraph 147 of Plaintiff's Complaint because the allegations are untrue.

148.   Defendant denies the allegations set forth in paragraph 148 of Plaintiff's Complaint because the allegations are untrue.

149.   Defendant denies the allegations set forth in paragraph 149 of Plaintiff's Complaint because the allegations are untrue.

150.   Defendant neither admits nor denies the allegations set forth in paragraph 150 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

**Count VII**
**Harrasment [sic]-Discrimination on the**
**Basis of Race in Violation of Title VII**

151.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 150 of Plaintiff's Complaint.

152.   Defendant neither admits nor denies the allegations set forth in paragraph 152 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

153.   Defendant neither admits nor denies the allegations set forth in paragraph 153 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

154.   Defendant denies that it has violated Title VII of the Civil Rights Act of 1964 in any way because the allegation is untrue.  Defendant neither admits nor

denies the remaining allegations set forth in paragraph 154 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

155.   Defendant neither admits nor denies the allegations set forth in paragraph 155 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

156.   Defendant neither admits nor denies the allegations set forth in paragraph 156 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to their truth and because the allegations state legal conclusions for which no answer is required.

157.   Defendant denies the allegations set forth in paragraph 157 of Plaintiff's Complaint because the allegations are untrue.

158.   Defendant denies the allegations set forth in paragraph 158 of Plaintiff's Complaint because the allegations are untrue.

159.   Defendant denies the allegations set forth in paragraph 159 of Plaintiff's Complaint because the allegations are untrue.

160.   Defendant denies the allegations set forth in paragraph 160 of Plaintiff's Complaint because the allegations are untrue.

161.   Defendant denies the allegations set forth in paragraph 161 of Plaintiff's Complaint because the allegations are untrue.

162.   Defendant denies the allegations set forth in paragraph 162 of Plaintiff's Complaint because the allegations are untrue.

163.   Defendant neither admits nor denies the allegations set forth in paragraph 163 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

**Count VIII**
**Harrasment [sic]-Discrimination on the**
**Basis of Race in Violation of the ELCRA**

164.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 163 of Plaintiff's Complaint.

165.   Defendant neither admits nor denies the allegations set forth in paragraph 165 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

166.   Defendant denies that it has violated the Elliott-Larsen Civil Rights Act in any way because the allegation is untrue.  Defendant neither admits nor denies the remaining allegations set forth in paragraph 166 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required.

167.   Defendant neither admits nor denies the allegations set forth in paragraph 167 of Plaintiff's Complaint because the allegations state legal conclusions for which no answer is required and because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore leaves Plaintiff to his proofs.

168.   Defendant neither admits nor denies the allegations set forth in paragraph 168 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and because the allegations state legal conclusions for which no answer is required.

169.   Defendant denies the allegations set forth in paragraph 169 of Plaintiff's Complaint because the allegations are untrue.

170.   Defendant denies the allegations set forth in paragraph 170 of Plaintiff's Complaint because the allegations are untrue.

171.   Defendant denies the allegations set forth in paragraph 171 of Plaintiff's Complaint because the allegations are untrue.

172.   Defendant denies the allegations set forth in paragraph 172 of Plaintiff's Complaint because the allegations are untrue.

173.   Defendant denies the allegations set forth in paragraph 173 of Plaintiff's Complaint because the allegations are untrue.

174.   Defendant neither admits nor denies the allegations set forth in paragraph 174 of Plaintiff's Complaint because Plaintiff's request for relief speaks for itself.

### Count IX
### Negligent Infliction of Emotional Distress

175.   Defendant hereby restates and incorporates by reference as if fully set forth herein its above answers to paragraphs 1 through 174 of Plaintiff's Complaint.

176.   Defendant denies the allegations set forth in paragraph 176 of Plaintiff's Complaint because the allegations are untrue.

177.   Defendant neither admits nor denies the allegations set forth in paragraph 177 of Plaintiff's Complaint regarding Defendant's duties because the allegations state legal conclusions for which no answer is required.  Defendant denies the remaining allegations set forth in paragraph 177 of Plaintiff's Complaint because the allegations are untrue.

178.   Defendant denies the allegations set forth in paragraph 178 of Plaintiff's Complaint because the allegations are untrue.

### Prayer for Relief

WHEREFORE, Defendant denies that it is liable to Plaintiff in any sum whatsoever and respectfully prays that this Honorable Court dismiss Plaintiff's

Complaint in its entirety with prejudice and award Defendant its costs and attorney fees incurred in this action.

## **AFFIRMATIVE DEFENSES**

In further answer and by way of affirmative defense, Defendant states that it will rely upon the following, if applicable, and if supported by facts to be determined through appropriate discovery:

A.     Actions taken with regard to Plaintiff were for legitimate business reasons without discriminatory or retaliatory motive.

B.     At all times relevant to this lawsuit, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

C.     Plaintiff cannot demonstrate that any actions taken with regard to his employment was a pretext for discrimination or retaliation.

D.     The proximate cause of Plaintiff's injuries, if any, was the conduct of Plaintiff or a third party, and not Defendant.

E.     Plaintiff is not entitled to a jury on some or all of his claims.

F.     Plaintiff has failed to mitigate his claimed damages, the entitlement to which is expressly denied.

F.     One or more of Plaintiff's claims are barred because they are beyond the scope of Plaintiff's EEOC charge(s).

G.     Plaintiff cannot establish that any protected activity was a significant factor in the decision to terminate his employment.

H.     Plaintiff is not a qualified individual with a disability as defined by either the Americans With Disabilities Act or the Persons With Disabilities Civil Rights Act.

I.     Some or all of Plaintiff's claims are barred by the statute of limitations.

J.     Some or all of Plaintiff's claims are barred by after-acquired evidence.

K.     Some or all of Plaintiff's claims are barred because he failed to satisfy one or more of the jurisdictional requirements and/or administrative prerequisites to filing suit, including but not limited to exhaustion of administrative remedies.

L.     Plaintiff's claims are barred by his failure to file a Charge of Discrimination with the Equal Employment Opportunity Commission within 300 days of the events at issue, his failure to file this lawsuit within 90 days of receiving a Right to Sue Notice, and/or his failure to include all claims in her Charge of Discrimination.

M.     Plaintiff cannot establish *respondeat superior*.

N.     Plaintiff is not an "eligible employee" as defined by the Family and Medical Leave Act.

O.    Plaintiff did not suffer from a "serious health condition" as defined by the Family and Medical Leave Act.

Defendant reserves the right to amend its answer to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims as may become necessary after reasonable opportunity for appropriate discovery.

Respectfully submitted,

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, P.L.C.
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com
P-39318

Dated:  May 14, 2018

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on May 14, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Carla D. Aikens at carla@aikenslawfirm.com

/s/Megan P. Norris

Miller, Canfield, Paddock and Stone, P.L.C.

150 West Jefferson, Suite 2500

Detroit, Michigan 48226

(313) 963-6420

norris@millercanfield.com

31301140.1\136247-00002