24

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

     Plaintiff,

v.

THE NIELSEN COMPANY (US), LLC,

     Defendant.

Case No. 2:17-cv-13737

Hon. Mark A. Goldsmith

_____

| CARLA D. AIKENS, P.C. | MILLER, CANFIELD, PADDOCK |
|---|---|
| CARLA D. AIKENS (P-69530) | AND STONE, P.L.C. |
| CONNOR GALLAGHER (P-82104) | MEGAN P. NORRIS (P-39318) |
| Attorney for Plaintiff | JESSICA B.K. PASK (P-82212) |
| 615 Griswold, Suite 709 | Attorneys for Defendant |
| Detroit, Michigan 48226 | 150 West Jefferson, Suite 2500 |
| carla@aikenslawfirm.com | Detroit, Michigan 48226 |
| connor@aikenslawfirm.com | (313) 963-6420 |
| | norris@millercanfield.com |
| | pask@millercanfield.com |

_____

**DEFENDANT'S SUPPLEMENTAL REPONSES TO
<u>PLAINTIFF'S INTERROGATORIES</u>**

Defendant, THE NIELSEN COMPANY (US), LLC, by and through its attorneys, MILLER, CANFIELD, PADDOCK AND STONE, PLC, hereby supplements its initial Responses to Plaintiff's Interrogatories as follows:

## Interrogatories

**INTERROGATORY NO. 2:** Identify every person with knowledge of relevant facts and summarize each person's knowledge and opinions.

**RESPONSE**: Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant has no way of knowing each and every person who may have knowledge of relevant facts. Subject to and without waiving these objections, Defendant states that the following people may have knowledge of relevant facts:

1. Plaintiff David Caudle
   Information best known by Plaintiff

2. Ryan Dinsmore
   Mr. Dinsmore, Field Supervisor, was Plaintiff's supervisor throughout Plaintiff's employment. He has knowledge of Nielsen policies, procedures, and expectations, the duties of a Field Supervisor, Plaintiff's performance and evaluations, Mr. Dinsmore's placement of Plaintiff on a Performance Improvement Plan, problems of which Mr. Dinsmore learned while visiting homes assigned to Plaintiff, the events leading to Plaintiff's termination, and Plaintiff's termination.

3. David Shock
   Mr. Shock has knowledge of the job duties of a Field Supervisor and what he learned while visiting homes that had been assigned to Plaintiff.

4. Denise Fantarella
   Ms. Fantarella, Human Resources Business Manager, has knowledge regarding Nielsen's employment policies, Plaintiff's termination, Plaintiff's post-termination complaint, and her investigation of that complaint.

5. Amanda Culver
   Ms. Culver, Senior Human Resources Business Partner, has knowledge regarding Nielsen's employment policies, Plaintiff's

termination, Plaintiff's post-termination complaint, and the investigation of that complaint.

6. Lauri Leveille
Ms. Leveille has knowledge regarding Plaintiff's hiring by Nielsen and the terms and conditions of Plaintiff's employment.

7. Josh Hummel
Mr. Hummel has knowledge of Nielsen policies, procedures, and expectations, the duties of a Field Supervisor, and Plaintiff's performance issues and termination.

8. Current or former employees of Defendant who have knowledge regarding Plaintiff's work performance, written and verbal communications to Plaintiff regarding his performance and allegations contained in his Complaint filed in this action.

9. Customers and former customers of the Defendant that Plaintiff has identified as having knowledge of Plaintiff's work performance and allegations contained in his Complaint filed in this action.

**INTERROGATORY NO. 5:** Is it Defendant's contention that Plaintiff was terminated? If so, please state all reasons for the Plaintiffs termination, the name and employment position title of each person who participated in the termination decision, the name and employment position title of each and every person who provided any information relied upon in the termination decision, and identify all documents relied upon in the termination decision.

**RESPONSE**: Defendant objects to this Interrogatory to the extent it seeks information which is subject to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant states that

3

yes, it is Defendant's contention that Plaintiff was terminated. Ryan Dinsmore, Field Supervisor, made the decision to terminate Plaintiff because of Plaintiff's failure to follow established procedures with regard to his home visits, Plaintiff's misrepresentations regarding his actions, and Plaintiff's attempts to prevent Mr. Dinsmore from learning of his actions. In making this decision, Mr. Dinsmore consulted with Nielsen's Human Resources office and his immediate supervisor, Josh Hummel.

**INTERROGATORY NO. 12:** If Defendant contends all employees similarly situated to Plaintiff were treated in a like manner as Plaintiff, state with particularity all facts supporting the contention.

**RESPONSE**: Defendant objects to this Interrogatory to the extent it seeks information which is subject to the attorney-client privilege and/or work product doctrine. Subject to and without waiving these objections, Defendant states that it is not aware of any employee who engaged in conduct similar to Plaintiff after being placed on a Performance Improvement Plan. As indicated in Defendant's EEOC Position Statement, Plaintiff has not identified any such individual. Subject to and without waiving the above objections, Defendant states that Mr. Dinsmore has terminated a number of individuals between 2013 and 2018 for similar performance issues:

- Rob Roney - March 2018 - Caucasian
- Chris Carlos - July 2017 - Hispanic

4

- Dave Caudle - October 2016 - African American
- Adam Burstein - 2013 - Caucasian
- David Demmon - 2013 - Caucasian

Mr. Dinsmore also terminated the following individuals between 2006-2012:
- James Fee -Caucasian
- Dave Fair -  Caucasian
- Jeff Gibbs - Caucasian
- Gerald Grillo - Caucasian
- Jarwal Jacques - African American
- John Vandenberghe - Caucasian
- Duane Larkin - Caucasian
- Fred Merrill - Caucasian
- Paul Riddle - Caucasian
- Dave Sapp - Caucasian
- Steven Schipper – Caucasian

AS TO OBJECTIONS ONLY:
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Megan P. Norris (P39318)
Jessica B.K. Pask (P82212)


By: /s/ Megan P. Norris
      Megan P. Norris
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com

Dated:  May 23, 2019

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she caused to be served a copy of the foregoing Supplemental Reponses to Plaintiff's Interrogatories upon the following via email and hand-delivery on May 23, 2019:

Carla D. Aikens, Esq.
Carla D. Aikens, P.C.
615 Griswold, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com
connor@aikenslawfirm.com

/s/ Jessica Pask_____

33617296.1\136247-00002

## VERIFICATION

STATE OF ~~MICHIGAN~~ Connecticut )
) ss Woodbury
COUNTY OF New Haven )

Denise Fantarella, being duly sworn, deposes and says that she holds the position of Human Resources Business Partner and that she is authorized to provide Defendant's Responses to Plaintiff's Interrogatories and Defendant's Supplemental Responses to Plaintiff's Interrogatories ("Responses") that she has read the Responses and knows the contents thereof; that the Responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of The Nielsen Company (US), LLC, upon which she has relied; that the Responses, subject to inadvertent and undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the Responses; that consequently, Defendant reserves the right to make any changes to the Responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the Responses are true to the best of his/her information and belief.

The Nielsen Company (US), LLC

By _Denise A. Fantarella_

Subscribed and sworn to before me
this 28 day of May, 2019

_____, Notary Public
5/20/25 County, State of Michigan
My Commission expires:

33690166.1\136247-00002