IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID CAUDLE, | ) |
| PLAINTIFF, | ) CIVIL ACTION NO. 17-cv-13737 |
| vs. | ) HON. MARK A. GOLDSMITH |
| THE NIELSEN COMPANY (US), L.L.C., | ) |
| DEFENDANTS. | ) |

LOCAL RULE CERTIFICATION:

I, Connor Gallagher, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## **PLAINTIFF'S MOTION TO AMEND HIS WITNESS LIST**

1. Plaintiff filed his witness list on April 23, 2019, which includes, "[a]ll persons or entities referred to in depositions, interrogatories, answers to interrogatories, responses to requests for documents or responses to third-party subpoenas." *Exhibit A: Plaintiff's Witness List* at 2 ¶3.

2. On May 24, 2019, Defendant filed its most recent witness list with this court, and had a nearly identical statement as Plaintiff's referenced above. *Exhibit B: Defendant's Witness List* at 3 ¶2.

3. On May 15, 2019, Plaintiff was deposed, and during his deposition, Plaintiff provided extensive testimony as to his doctors and the type of treatment they provided to him. *Exhibit C: Deposition Transcript of Plaintiff David Caudle* at 19:8-16; 30:1-37:18; 259:1-23.

4. During the course of these proceedings, Plaintiff further signed authorizations for the release of his medical records pursuant to third-party subpoenas issued by Defendant for the doctors and facilities where he obtained treatment, per his deposition testimony. *Exhibit D: Plaintiff's Authorizations for the Release of Medical Records.*

5. Accordingly, both parties have been on notice of Plaintiff's doctors and treatment facilities.

6. However, recently, at facilitation, Plaintiff became aware that it was Defendant's belief that none of Plaintiff's treaters or treatment facilities were present on either witness list.

7. As a result, Plaintiff is seeking leave of this Honorable Court to allow him to amend his witness list to clarify the contention of the parties and clearly state the

fact that his doctors and treaters may testify at trial (attached hereto as *Exhibit E: Plaintiff's Proposed Amended Witness List*).

8.   Pursuant to local rule 7.1, on September 11, 2020, Plaintiff's counsel contacted opposing counsel explaining the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, PLAINTIFF DAVID CAUDLE, respectfully requests that this Honorable Court GRANT his Motion to Amend His Witness List, accept and allow *Exhibit E* to this filing to constitute Plaintiff's Witness List in this matter, and grant Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: September 11, 2020           Respectfully Submitted,

                                    CARLA D. AIKENS, P.C.


                              By:   /s/ *Connor B. Gallagher*_____

                                    Connor B. Gallagher (P82104)
                                    CARLA D. AIKENS, P.C.
                                    *Attorneys for Plaintiff*
                                    615 Griswold Ste. 709
                                    Detroit, MI 48226
                                    connor@aikenslawfirm.com

## **BRIEF IN SUPPORT OF**
## **PLAINTIFF'S MOTION TO AMEND HIS WITNESS LIST**

### CONCISE STATEMENT OF ISSUES PRESENTED

1. If Plaintiff testified about specific doctors and signed authorizations for the release of his medical records in response to Defendant's third-party subpoena for the same specific doctors, would those doctors constitute, "persons or entities referred to in depositions…[or] requests for documents or responses to third-party subpoenas."

   Plaintiff answers "Yes."

   Defendant would answer "No."

2. Would Plaintiff's good faith belief that the doctors he testified to and signed authorizations for were already included on both parties' witness lists constitute good cause in allowing him to submit an amended witness list?

   Plaintiff answers "Yes."

   Defendant would answer "No."

## TABLE OF AUTHORITIES

**Cases**

*Chavez v. Waterford Sch. Dist.*, No. 09-12336, 2010 U.S. Dist. LEXIS 107940 (E.D. Mich. Oct. 8, 2010) ............................................................................................9

*Eagle v. Hurley Medical Center*, 292 F.R.D. 466 (E.D. Mich. 2013) ........................8

*Leary v. Daeschner*, 349 F.3d 888 (6th Cir. 2003). .....................................................6

*Marie v. Am. Red Cross*, No. 13-4052, 2014 WL 5905003 (6th Cir. Nov. 14, 2014) ...............................................................................................................................6

*Mitchell v. City of Warren*, No. 09-CV-11480, 2014 WL 1319703 (E.D. Mich. Apr. 1, 2014) ...................................................................................................8

**Rules**

Fed. R. Civ. P. 16(b) ..................................................................................................6

Fed. R. Civ. P. 26(a) ................................................................................................6, 8

Fed. R. Civ. P. 26(e) ..................................................................................................8

Fed. R. Civ. P. 37(c)(1) .............................................................................................8

## ARGUMENT

District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets. *Marie v. Am. Red Cross*, No. 13-4052, 2014 WL 5905003, at *17 (6th Cir. Nov. 14, 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)) (attached hereto as *Exhibit F*). A party is required to disclose lay and expert witnesses by specified deadlines during the pre-trial proceedings or as ordered by the Court. Fed. R. Civ. P. 26(a). As provided by Fed. R. Civ. P. 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Here, Plaintiff maintains that the individual doctors would have been included in both parties' witness lists. Both Plaintiff and Defendant list in their witness lists "[a]ll persons or entities referred to in depositions, interrogatories, answers to interrogatories, responses to requests for documents or responses to third-party subpoenas." *See Exhibit A* and *Exhibit B*.

Plaintiff seeks to amend his witness list to specifically name the treating physicians and facilities which were specifically testified to by Plaintiff at his deposition:

> Q: Okay. Let's start, again, with your diabetes. Who is your current doctor for your diabetes?
> A: Dr. Abigail Deland.
> …
> Q: And where is Dr. Deland?
> A: She's – Farmington West Village on Grand River in Farmington Hills.
> Q: What kind of doctor is Dr. Deland?
> A: She's my internal medicine doctor.
> …
> Q: …Sickle cell anemia, who is your primary treater for that?
> A: Dr. Richard Zekman.
> ….
> Q: You [spelled the doctor's name] earlier, thank you. And where is Dr. Zekman?
> A: He's on Grand River in Farmington Hills, Michigan. I forgot the name of the office… [Across the street from Dr. Deland].
> …
> Q: Anyplace else?
> A: My old doctor, Dr. [Jeffrey] Meyers.
> ...
> Q: Okay. Where is Dr. Meyers?
> A: He's on Northwestern Highway in Millennium-something.

*Exhibit C: David Caudle Deposition Transcript* at 31:19-34:2. Additionally, Plaintiff provided testimony as to his specific physicians at multiple other points throughout his testimony. *Id.* at 19:8-16; 259:1-4. Finally, Plaintiff signed authorizations to release his medical records and provided them to Defendant; specifically, for the three doctors Plaintiff wishes to explicitly name on his witness list, and, also, generally for Beaumont Health Systems. *See Exhibit D.*

7

Accordingly, Defendant cannot argue that Plaintiff did not provide it with notice of these entities.

However, with consideration of due diligence in bringing this request: (1) Plaintiff sought to move to amend his witness list once it became apparent at the facilitation that Defendant disagreed as to whether these witnesses would be included; (2) Defendant has long known about and would not be prejudiced by their addition, and (3) general fairness to Plaintiff, all present good cause to include the three doctors on his witness list.

If a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A failure to disclose is substantially justified when "justified to a degree that could satisfy a reasonable person." *Eagle v. Hurley Medical Center*, 292 F.R.D. 466, 481 (E.D. Mich. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1988)). In essence, a court "has broad discretion in determining whether a Rule 26 violation is justified or harmless." *Mitchell v. City of Warren*, No. 09-CV-11480, 2014 WL 1319703, at *3 (E.D. Mich. Apr. 1, 2014) (attached hereto as *Exhibit G*) (quoting *Heartland Rehab. Serv., Inc. v. Mekjian*, No. 06–11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007)).

Case 2:17-cv-13737-MAG-MKM ECF No. 50, PageID.1594 Filed 09/11/20 Page 9 of 12

Judge Sean F. Cox of the Eastern District of Michigan was faced with this exact issue in *Chavez v. Waterford Sch. Dist.*, No. 09-12336, Doc # 75, 2010 U.S. Dist. LEXIS 107940 (E.D. Mich. Oct. 8, 2010) (attached hereto as *Exhibit H*). In *Chavez,* Plaintiff moved to amend her witness list one month before the final pretrial hearing to: (1) add two expert witnesses and (2) "clarify that the two catch-all paragraphs…include [her treatment physicians & personnel of Defendant's]." *Id.* at 1093. Judge Cox granted Plaintiff's motion to amend as it related to her treatment physicians. In coming to that conclusion, Judge Cox stated:

> Plaintiff used a "catch-all" category to describe her treating physicians in her initial witness list and did not list her individual treaters. She now seeks to amend her witness list to include several individual medical treaters. Some of these treaters were included on Defendant's witness list, but many of the treaters are not.
>
> During oral argument on this matter, defense counsel admitted having previous knowledge of Plaintiff's treating physicians and having received records from Plaintiff regarding these physicians. As a result, Defendant would not need additional discovery time to prepare for these witnesses and there would be no delay in trial. Despite Plaintiff's untimeliness, permitting Plaintiff to add the treating physicians to her witness list would be harmless to the Defendant. If the failure to disclose is harmless, the Court does not have to apply the mandatory evidentiary sanctions of Rule 37. The Court shall grant Plaintiff's motion to amend her witness list as it applies to Plaintiff's treating physicians.

*Id.* at Page ID 1097.

9

The situation in *Chavez* in nearly identical to the case at bar, although the opinion is not clear as to why the witnesses were not included. Plaintiff is seeking to add treating physicians to his witness list who are applicable to a listed party in the filed witness list and of whom Defendant has long had knowledge. Interestingly, Judge Cox did not even consider the request to add the treating physicians as an amendment, and, instead, considered it a clarification since the already filed witness list had the "catch-all" provision. *Id.* 1093. The court found that because of the notice of the specific individuals, Defendant could not have suffered prejudice. *Id.* at 1097. Plaintiff is of the position that the same analysis should apply here to permit him to include these witnesses.

As trial has been delayed due to the COVID-19 pandemic, both parties have more than three months to depose the witnesses, if Defendant so chooses, and, as a result, there would be no undue delay to the case. Without any undue delay, and because Defendant would not suffer any prejudice with the addition of witnesses who were identified during discovery, Plaintiff submits that good cause is present to include the individuals on his witness list. As soon as Plaintiff realized that Defendant did not believe Plaintiff's medical providers were included as witnesses, Plaintiff acted diligently to amend his witness list.

Further, due to the nature of the remaining claims involving his disability, establishing the effect of Defendant's actions on exacerbating Plaintiff's physical

10

condition, and resultant damages, is extremely important testimony that Plaintiff needs to be able to present to a jury. Thus, fundamental fairness should allow Plaintiff to amend his witness list, even if this Court finds that the three doctors were not included in the original witness list.

Finally, a ruling on the issue may further resolution of this claim prior to trial.

WHEREFORE, PLAINTIFF DAVID CAUDLE, respectfully requests that this Honorable Court GRANT his Motion to Amend His Witness List, accept and allow *Exhibit E* to this filing to constitute Plaintiff's Witness List in this matter, and grant Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: September 11, 2020            Respectfully Submitted,

                                     CARLA D. AIKENS, P.C.

                               By:   /s/ *Connor B. Gallagher*_____
                                     Connor B. Gallagher (P82104)
                                     *Attorneys for Plaintiff*
                                     615 Griswold Ste. 709
                                     Detroit, MI 48226
                                     connor@aikenslawfirm.com

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on September 11, 2020 by:

/s/ Katarzyna Pazik