IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

       Plaintiff,

                             Case No. 2:17-cv-13737

v.

                             Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

       Defendant.

_____

CARLA D. AIKENS, P.C.
CARLA D. AIKENS  (P-69530)
CONNOR GALLAGHER (P-82104)
Attorney for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan  48226
carla@aikenslawfirm.com
connor@aikenslawfirm.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
MEGAN P. NORRIS  (P-39318)
JESSICA B.K. PASK (P-82212)
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com
pask@millercanfield.com

_____

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND HIS WITNESS LIST**

"LOCAL RULE CERTIFICATION:  I, Megan P. Norris, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3)."

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ....................................................................... ii

QUESTION PRESENTED ......................................................................... iii

RELEVANT FACTS ...................................................................................1

ARGUMENT .............................................................................................2

CONCLUSION ..........................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chavez v. Waterford Sch. Dist.*,
  No. 09-12336, 2010 WL 3975314 (E.D. Mich. Oct. 8, 2010) ........................5, 6

*Eagle v. Hurley Medical Center*,
  292 F.R.D. 466 (E.D. Mich. 2013) ......................................................................3

*Fielden v. CSX Transp., Inc.*,
  482 F.3d 866 (6th Cir. 2007) ...............................................................................5

*Howe v. City of Akron*,
  801 F.3d 718 (6th Cir. 2015) ...............................................................................3

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*,
  325 F.3d 776 (6th Cir. 2003) ...............................................................................3

*Pearce v. Hazel Park Police Officer*,
  No. 16-11499, 2019 WL 5586965 (E.D. Mich. Oct. 30, 2019) ......................5, 6

*Redmond v. United States*,
  194 F. Supp. 3d 606, 612 (E.D. Mich. 2016) ......................................................2

*Vance, by & Through Hammons v. United States*,
  182 F.3d 920, 1999 WL 455435 (6th Cir. 1999)..............................................2, 3

**Court Rules**

E.D. Mich. L. R. 16.2(b)(8) ..................................................................................2, 5

Fed. R. Civ. P. 26(a)..........................................................................................2, 3, 5

Fed. R. Civ. P. Rule 37(c)..................................................................................2, 6

## **QUESTION PRESENTED**

Whether Plaintiff should be allowed to amend his witness list to add his treating

physicians over a year after the close of discovery and after this Court's ruling on

Defendant's dispositive motion when Plaintiff's failure to previously list these

witnesses is neither substantially justified nor harmless.


Defendant asserts that the answer is No.

Plaintiff asserts that the answer is Yes.

## RELEVANT FACTS

Under this Court's April 2, 2019 Order Amending Scheduling Order (ECF No. 26), Plaintiff was required to disclose both lay and expert witnesses by April 23, 2019.  On April 23, 2019, Plaintiff submitted his Witness List, which makes no mention of his medical treaters as witnesses to be called at trial (ECF No. 29). While reserving the right to designate further witnesses, Plaintiff pledged to the Court and Defendant that "[i]f it appears that additional witnesses will or may be called to testify at trial, their names shall be reported to Defendant's counsel as soon as possible prior to trial."

More than a year and five months have passed since Plaintiff filed his Witness List, and nearly a year and five months have passed since the close of discovery.  During such time, Plaintiff made no effort to disclose any additional witnesses other than those listed on his April 23, 2019 Witness List.

In late July 2020, during facilitation, Plaintiff's counsel realized that Plaintiff's Witness List fails to provide any notice to Defendant of his intention to call his medical treaters to testify at trial.  As a result, well over a year after the close of discovery, after this Court has ruled on Defendant's dispositive motion, and after facilitation, Plaintiff now seeks to amend his witness list.[1]

---

[1] Plaintiff failed to seek Defendant's concurrence to his Motion in the manner as required by this Court's June 14, 2018 Case Management Order (ECF No. 15) and practice guidelines.  Specifically, Plaintiff's counsel sent Defendant's counsel an

1

## **ARGUMENT**

Under Federal Rule of Civil Procedure 26(a), a party must disclose the name of witnesses at a certain specifically identified time during the proceedings leading to trial, or as "otherwise ordered by the court." *See also* E.D. Mich. L. R. 16.2(b)(8) ("Except as permitted by the Court for good cause a party may not list a witness [in the pretrial order] unless the witness has been included on a witness list submitted under a prior order or has been deposed").

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," Rule 37(c)(1) requires that a Court exclude such a witness from testifying, "unless the failure was substantially justified or is harmless.'" *Redmond v. United States,* 194 F. Supp. 3d 606, 612 (E.D. Mich. 2016). That rule requires absolute compliance with Rule 26(a); "that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Id.,* quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003). *See also Vance, by & Through Hammons v. United States*, 182 F.3d 920, 1999 WL 455435 (6th Cir. 1999) ("the sanction of exclusion [of Rule 37(c)(1)] is automatic and mandatory").

---

email seeking concurrence on Friday, September 11, 2018 at 3:11 PM. Without allowing Defendant's counsel an opportunity to respond or waiting three business days without a response, Plaintiff filed this Motion on the same day (September 11, 2020). Accordingly, Plaintiff's Motion to Amend His Witness List should be stricken.

"'[H]armless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." v*Vance*, 1999 WL 455435 at *5; *Howe v. City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015). "'Substantially justified' means justified to a degree that could satisfy a reasonable person." *Eagle v. Hurley Medical Center,* 292 F.R.D. 466, 481 (E.D. Mich. 2013), quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).

Five factors are considered when a court determines whether the late disclosure is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 613, citing *Howe*, 801 F.3d at 747-748. The party who has failed to disclose under Rule 26(a) has the burden of proving that the failure is "harmless" or "substantially justified." *Roberts ex rel. v. Johnson*, 325 F.3d 776, 782 (6th Cir. 2003). Plaintiff has not fulfilled such a burden.

Plaintiff's failure to identify his medical treaters as witnesses for the last year and 5 months since his Witness List was filed and the last one year and 4 months since the close of discovery was neither harmless nor substantially justified. Plaintiff obviously knew of the existence of these individuals before he

3

filed his Witness List and the close of discovery.   Plaintiff has provided no explanation as to why it was an "honest mistake" that he could not list his own doctors on his Witness List for a substantial period of time.

The lack of an "honest mistake" or any good cause is even more apparent as Plaintiff learned of Defendant's understanding that he was not going to call his doctors as witnesses at trial since late July 2020, during facilitation.   Plaintiff did not file this motion until almost a month and a half later.   Contrary to Plaintiff's assertion, he did not "act[] diligently to amend his witness list" "as soon as [he] realized that Defendant did not believe Plaintiff's medical providers were included as witnesses" (ECF No. 50, at 10, pageID. 1595).

Plaintiff insinuates that because he has included an broad catch-all in his Witness List, indicating he may call "All persons or entities referred to in depositions, interrogatories, answers to interrogatories, responses to requests for documents or responses to third-party subpoenas," Defendant was on notice that Plaintiff's medical treaters are witnesses to be call at trial.[2]   If the Court accepts this argument, Plaintiff potentially could call any person in the plethora number of individuals whose names arose at any time during the discovery process as

---

[2] Plaintiff is correct that Defendant included similar language in its Witness List. But, unlike Plaintiff, Defendant promptly amended its Witness List to specifically identify additional witnesses that Defendant may call at trial (*See* ECF Nos. 28, 30).   Furthermore, Defendant that is seeking to add additional witnesses a year and five months after the deadline to file witness list and a year and four months discovery closes.

witnesses – regardless of what role they played, what information they possess, or whether such information is relevant – without having to identify them at all before trial.  Such a generalized identification of witnesses directly goes against the plain requirements under Rule 26, which specifically obliges a party to disclose "the name and, if known, the address and telephone number of individual likely to have discoverable information" and before trial "provide to the other parties and promptly file … the name and, if not previous provided, the address and telephone number of each witness…"  Fed. R. Civ. P. 26(a); *see also* E.D. Mich. L. R. 16.2(b)(8).  Additionally, absent any specificity pertaining to the witnesses' identities, the purpose of the disclosure requirement – "to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case" – would be defeated.  *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007).  *See also Pearce v. Hazel Park Police Officer*, No. 16-11499, 2019 WL 5586965, at *1 (E.D. Mich. Oct. 30, 2019) ("General categories of witnesses do not provide sufficient notice to Defendant, nor does the mere mention of a potential witness in deposition testimony").

This case is distinguishable from *Chavez v. Waterford Sch. Dist.*, No. 09-12336, 2010 WL 3975314, at *1 (E.D. Mich. Oct. 8, 2010).  In *Chavez*, plaintiff did not just include a broad catch-all to allow her to call any witnesses whose name may come up during the litigation process.  Instead, the plaintiff specifically

included in her witness list that she might call "Any and all of Plaintiff's treating or attending physicians…" *Id.*   This provision specifically "describe[d] [the plaintiff's] treating physicians."  Here, unlike the plaintiff's witness list in *Chavez*, Plaintiff's Witness List here is completely devoid of any indication notifying Defendant of such an intention to call Plaintiff's doctors as witnesses at trial. Accordingly, the surprising factor weighs against allowing an amendment of Plaintiff's Witness List.

The other factors (specifically factor 2 and 3) also support a denial of Plaintiff's request to amend his Witness List.  With the discovery cutoff being a year and four months ago, Defendant has not had any opportunity to inquire into what kind of information Plaintiff intends to introduce through his doctors or to depose these witnesses..  At this late date, with the trial date approaching in a just few months, and in the midst of a pandemic, an attempt to cure the surprise to Defendant by allowing additional discovery or depositions would be disruptive to the trial and the parties' trial preparation efforts.  *Pearce*, 2019 WL 5586965, at *1. Finally, as explained above, Plaintiff has offered no justification for failing to specifically name his own doctors in his Witness List or make any attempt to do so for almost 1.5 years.

In sum, Plaintiff's failure to identify his medical treaters in his Witness List is neither substantially justified nor harmless.  The mandatory exclusion of Rule

6

37(c) should apply to preclude Plaintiff from adding his medical doctors as witnesses at trial.

## **CONCLUSION**

WHEREFORE, Defendant respectfully prays that this Court deny Plaintiff's Motion to Amend His Witness List.

Respectfully submitted,

*/s/Megan P Norris*
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
313-963-6420
norris@millercanfield.com
P-39318

Dated: September 25, 2020

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2020, I electronically filed the foregoing paper with the Clerk to the Court using the ECF system which will send notification of such filing.

> */s/Megan P Norris*
> Miller, Canfield, Paddock and Stone, PLC
> Attorneys for Defendant
> 150 West Jefferson, Suite 2500
> Detroit, Michigan  48226
> 313-963-6420
> norris@millercanfield.com
> P-39318

36616407.1\136247-00002

8