IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| DAVID CAUDLE, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. 17-cv-13737 |
| | ) | |
| vs. | ) | HON. MARK A. GOLDSMITH |
| | ) | |
| THE NIELSEN COMPANY (US), | ) | |
| L.L.C., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

LOCAL RULE CERTIFICATION:

I, Connor Gallagher, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

## **PLAINTIFF'S REPLY TO PLAINTIFF'S**
## **MOTION TO AMEND HIS WITNESS LIST**

Even under Defendant's definition of "harmless error," Plaintiff's motion

should be granted.  "'[H]armless' involves an honest mistake on the part of a party

coupled with sufficient knowledge on the part of the other party." *Vance, by &*

*Through Hammons v. United States*, 182 F.3d 920, 1999 WL 455435 at *5 (6th

Cir. 1999) (attached hereto as ***Exhibit A***); *Howe v. City of Akron*, 801 F.3d 718,

1

747 (6th Cir. 2015). Here, as noted by Defendant, the fact that the treaters were not present on the witness list became apparent at the July 30, 2020 facilitation. ECF No. 52, PageID 1746. If Plaintiff had some sort of willful plan to not include Plaintiff's treaters, Plaintiff would have known of the omission and nothing would have been learned at the facilitation to cause this motion to be filed. As a result, by Defendant's very definition of "harmless error," this situation certainly constitutes the same.

Additionally, it is important to note that Defendant did not even attempt to refute Plaintiff's position that it had knowledge and sufficient information surrounding the three treaters Plaintiff seeks to explicitly add to his witness list. Defendant has had signed authorizations from Plaintiff for these treaters for over two years, and depositions will only be necessary if Defendant so chooses to pursue that route in its litigation strategy – something that Plaintiff is not attempting to prevent Defendant from doing. With the parties just stipulating to an extension of time to file all pretrial matters, Defendant has time to pursue depositions should it deem them necessary. *See* ECF No. 49.

The advisory committee to Rule 26(a)(1)(A) specifically foresaw this exact situation and noted:

> Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: e.g. ***the***

> ***inadvertent omission from a Rule 26(a)(1)(A) disclosure***
> ***of the name of a potential witness known to all parties***;
> the failure to list as a trial witness a person so listed by
> another party; or the lack of knowledge of a pro se
> litigant of the requirement for disclosure had been called
> to the litigant's attention by either the court or another
> party.

Advisory Committee Notes to 1993 Amendments (including Rule 37(c)(1))

(emphasis added).  "This commentary strongly suggests that 'harmless' involves

an honest mistake on the part of a party coupled with sufficient knowledge on the

part of the other party.*" Vance by & Through Hammons v. United States*, NO. 98-

5488, 1999 U.S. App. LEXIS 14943, at *16-17 (6th Cir. June 25, 1999) (***Exhibit***

***A***).   Here, it is uncontroverted that Defendant had knowledge of the individual

treaters.  Moreover, even it admits that this issue was first noticed at a facilitation

which the parties partook in just a month before his motion to amend was filed,

which shows evidence of the honest mistake standard set out in *Vance*.  As a result,

Plaintiff should be allowed to add his three treating physicians to his witness list so

the sanctions in Rule 37 do not become overly harsh and prejudice Plaintiff.

Additionally, the harmless error standard was discussed in *Roberts v. Galen*

*of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003).  In *Roberts*, the Court discussed the

standard in reference to an expert witness, which has its own rule in the Federal

Rules of Civil Procedure, with more restrictive and specific mandates than a lay

witness as in the present matter.  *Id.* at 783.  At a pretrial hearing in *Roberts*, the

plaintiff moved to add a new expert witness, and, furthermore, "no detailed report was ever filed, [the new expert's] CV was not provided until a week before trial, [the new expert] never signed the report, and [] no one disclosed [the new expert's] publications or the amount he was paid…" *Id.* at 782-783. A panel of judges on the Sixth Circuit Court of Appeals held that the facts as to the CV were factually incorrect, and the rest of the timing issues were "relatively harmless." *Id.* at 783.

In the case at bar, Plaintiff has provided more time than in *Roberts*, and, as discussed *infra*, has provided ample background information and records related to the treating physicians; thus, Defendant has had knowledge of these treaters for a considerable amount of time. This is further evidenced by Defendant's lack of ability to specifically articulate any evidence of bad faith, nor has it argued that it lacked knowledge of the treaters.  Plaintiff's claim has always been for violations of the Family Medical Leave Act ("FMLA") and the American Disability Act ("ADA").  Accordingly, treatment for the disability goes hand in hand with said claims.  As a result, Defendant's have had specific knowledge of these claims since Plaintiff filed with Equal Employment Opportunity Commission ("EEOC").

Defendant asserts a slippery slope argument that should not be given weight. ECF 52, PageID 1749-50.  Defendant states:

> If the Court accepts this argument, Plaintiff potentially could call any person in the plethora number of individuals whose names arose at any time during the discovery process as witnesses – regardless of what role

> they played, what information they possess, or whether
> such information is relevant – without having to identify
> them at all before trial.

*Id.* This argument is obviously flawed, however, once it is considered that Plaintiff

filed an amended witness list that included the three doctors that he wishes to

include on his witness list.  While Defendant's argument makes it seem as if this

ruling is opening the door to unknown issues, said unknown issues have not arisen

and it is inappropriate to ask the Court to rule on the basis of a scenario that has not

occurred.  Of note, Defendant included the same category of individuals – those

identified during discovery – in its own witness list, so the same logic could apply

to its proposed witnesses.  *See* Defendant's Witness List, ECF No. 28, PageID.141.

Finally, Defendant argues that Plaintiff's situation is distinguishable from

*Chavez* because in the plaintiff in *Chavez* had a different catch-all provision,

specifically for doctors. ECF No. 52, at PageID 1750-1751.  This distinction is of

no import because it did not change the court's analysis:

> During oral argument on this matter, defense counsel
> admitted having previous knowledge of Plaintiff's
> treating physicians and having received records from
> Plaintiff regarding these physicians. As a result,
> Defendant would not need additional discovery time to
> prepare for these witnesses and there would be no delay
> in trial. Despite Plaintiff's untimeliness, permitting
> Plaintiff to add the treating physicians to her witness list
> would be harmless to the Defendant.

*Chavez v. Waterford Sch. Dist.*, No. 09-12336, Doc # 75, 2010 U.S. Dist. LEXIS 107940 (E.D. Mich. Oct. 8, 2010) (attached hereto as ***Exhibit B***). In fact, the court did not even mention the exact language in its analysis, and simply referred to it as a "'catch-all' category." *Id.*

WHEREFORE, PLAINTIFF DAVID CAUDLE, respectfully requests that this Honorable Court GRANT his Motion to Amend his Witness List, Accept and allow Plaintiff's previously filed *Exhibit E* to his motion to constitute Plaintiff's Witness List in this matter going forward, and grant Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: October 5, 2020                      Respectfully Submitted,

                                            CARLA D. AIKENS, P.C.

                             By:    /s/ *Connor B. Gallagher*
                                    Connor B. Gallagher (P82104)
                                    *Attorneys for Plaintiff*
                                    615 Griswold Ste. 709
                                    Detroit, MI 48226
                                    connor@aikenslawfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on October 5, 2020 by:

/s/ Carla D. Aikens