IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID CAUDLE, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. 17-cv-13737 |
| | ) | |
| vs. | ) | HON. MARK A. GOLDSMITH |
| | ) | |
| THE NIELSEN COMPANY (US), L.L.C., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## **PLAINTIFF'S MOTION TO ALLOW HIM TO FILE A REPLY TO DEFENDANT'S RESPONSE TO HIS MOTION TO AMEND HIS WITNESS LIST**

LOCAL RULE CERTIFICATION:

I, Connor Gallagher, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

1.  Defendant filed its response to Plaintiff's Motion to Amend his witness list on September 25, 2020.

1

2. Pursuant to Eastern District of Michigan's Local Rule 7.1(e)(1)(B), Plaintiff's reply would have been due on Friday October 2, 2020.

3. Because of an error by Plaintiff's counsel, Plaintiff seeks to file his reply on October 5, 2020, one business day beyond the due date.

4. Plaintiff's counsel did not realize this error until October 5, 2020, and, acted to remedy the situation as soon as he became aware of the oversight.

5. Plaintiff prays that this Honorable Court consider this mistake excusable neglect, pursuant to Fed. R. Civ. P 6(b)(1)(B), and allow Plaintiff the ability to file his reply to Defendant's Response to his Motion to Amend his Witness List to add his treating physicians.

6. Pursuant to Eastern District of Michigan's Local Rule 7.1(a)(2)(A), there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and received concurrence in the relief sought.

WHEREFORE, PLAINTIFF, DAVID CAUDLE, prays that this Honorable Court grant his Motion to Allow him to File a Reply to Defendant's Response to his Motion to Amend his Witness List, and grant Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated: October 5, 2020                    Respectfully submitted by:

CARLA D. AIKENS, P.C.

*/s/ Connor B. Gallagher*
Connor B. Gallagher (P82104)
*Attorneys for Plaintiff*

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Does a one-day delay in filing because of an error of Plaintiff's counsel constitute excusable neglect, as set forth in Fed. R. Civ. P 6(b)(1)(B)?

    Plaintiff Says:                                        "Yes."

    Plaintiff Believes Defendant Would Say:          "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Cases</u>

*Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507
   U.S. 380 (1992)                                                                               6

<u>Court Rules</u>

Fed. R. Civ. P 6(b)(1)(B)                                                                                                      6

# BRIEF IN SUPPORT OF
# PLAINTIFF'S MOTION TO ALLOW HIM TO FILE A REPLY TO DEFENDANT'S RESPONSE TO HIS MOTION TO AMEND HIS WITNESS LIST

Fed. R. Civ. P 6(b)(1)(B), states:

> (b) EXTENDING TIME.
> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

In *Pioneer Investment Services Co. v. Brunswick Associates, Ltd. Partnership*, 507 U.S. 380 (1992), the Supreme Court gave guidance on the factors to consider in determining if excusable neglect is present and the Court should extend the filing deadline. The four factors the Court laid out are:

> (1) Whether the delay in filing was within the reasonable control of the movant;
> (2) The length of the delay and the delay's potential impact on judicial proceedings;
> (3) The danger of prejudice to the non-moving party; and
> (4) Whether the movant acted in good faith.

*Id.* at 395.

In practice, the most important—and contentious—of these factors are the length of delay and the danger of prejudice to the non-movant. Here, there is no prejudice to Defendant, as this is a one-day delay, and Defendant has concurred in the relief here. This is especially true because the Court has yet to set a date for a hearing, and, as a result, Defendant would not be pressed for time to prepare for

6

any arguments that were presented. Second, one business day is the shortest amount of time possible, considering the rules, and, as a result, as soon as the error was noticed by Plaintiff's counsel, they acted judiciously to cure the error. Finally, because of the nature of a reply brief, and the fact that it is limited to arguments raised by Defendant, Defendant is already familiar with the substance of what is included in the actual reply.

Also, there is no bad faith that should be imputed to Plaintiff because of the lack of prejudice to Defendant, nor did counsel delay for an improper reason. As soon as the error was recognized, Plaintiff' counsel immediately acted to fix this issue. Overall, the equities and the principles of law are in favor of Plaintiff, and this Court should allow Plaintiff to file his response to Defendant's Motion to Dismiss one day late.

## CONCLUSION

WHEREFORE, PLAINTIFF, DAVID CAUDLE, prays that this Honorable Court grant his Motion to Allow him to File a Reply to Defendant's Response to his Motion to Amend his Witness List and grant Plaintiff any other relief that this Honorable Court deems equitable and just.

Dated:  October 5, 2020                              Respectfully submitted by:

                                                                       CARLA D. AIKENS, P.C.

                                                                       */s/ Connor B. Gallagher*
                                                                       Connor B. Gallagher (P82104)
                                                                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on October 5, 2020 by:

/s/ Carla D. Aikens