UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

        Plaintiff,                               Case No. 17-13737

vs.                                            HON. MARK A. GOLDSMITH

THE NIELSEN COMPANY (US), LLC,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING PLAINTIFF'S MOTION TO AMEND WITNESS LIST (Dkt. 50)**

Plaintiff David Caudle has filed a motion to amend his witness list (Dkt. 50). For the reasons stated below, the motion is denied.

**I.    BACKGROUND**

The case management and scheduling order (Dkt. 15) set a January 15, 2019 deadline for Caudle to submit his lay and expert witness lists. By stipulation, that deadline was extended to April 23, 2019 (Dkt. 26). Caudle filed his initial witness list on April 23, 2019 (Dkt. 29). The witness list did not list any of Caudle's physicians. However, it did list several generic categories, including "All persons or entities referred to in depositions, interrogatories, answers to interrogatories, responses to requests for documents or responses to third-party subpoenas." Pl. Witness List at 2 (Dkt. 29). During Caudle's deposition, he referred repeatedly to his physicians. See Mot. at 2; Caudle Dep., Ex. C to Mot., at PageID.1613, 1616-1617, 1673 (Dkt. 50-4). Caudle also signed authorizations for the release of his medical records pursuant to third-party subpoenas issued by Defendant The Nielsen Company ("Nielsen"). Medical Subpoenas, Ex. D to Mot. (Dkt. 50-4). At facilitation on July 30, 2020, Plaintiff and his counsel became aware "that it was

Defendant's belief that none of Plaintiff's treaters or treatment facilities were present on either witness list." Mot. at 2; Reply at 2 (Dkt. 53). He then filed this motion, contending that the individual physicians were already included in the witness list by virtue of belonging within the generic category (i.e., having been referred to in depositions), and seeking "to amend his witness list to specifically name the treating physicians . . . ." Mot. at 6.

## II.    STANDARD OF REVIEW

A party must disclose the name of witnesses at least thirty days before trial "[u]nless the court orders otherwise. Fed. R. Civ. P. 26(a)(3); E.D. Mich. Local Rules 16.2(b)(8) ("Except as permitted by the Court for good cause a party may not list a witness [on the joint final pretrial order] unless the witness has been included on a witness list submitted under a prior order or has been deposed."). If a party fails to provide information or identify a witness as required by Rule 26(a), Rule 37(c)(1) requires that a Court exclude such a witness from testifying, unless the failure was substantially justified or is harmless. Redmond v. United States, 194 F. Supp. 3d 606, 612 (E.D. Mich. 2016). That rule requires that a trial court punish a party for discovery violations in connection with Rule 26, unless the violation was harmless or is substantially justified. Id. (citing Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003).

A harmless violation "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Howe v. City of Akron, 801 F.3d 718, 747 (6th Cir. 2015) (internal marks and citations omitted). "Substantially justified means justified to a degree that could satisfy a reasonable person." Eagle v. Hurley Medical Center, 292 F.R.D. 466, 481 (E.D. Mich. 2013) (internal marks omitted).

Courts in the Sixth Circuit must consider the following five factors in evaluating whether omitted or late disclosure is substantially justified or harmless:

2

>   (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Howe v. City of Akron, 801 F.3d 718 (6th Cir. 2015).

### III.   ANALYSIS

The analysis proceeds along the five Howe factors. Collectively, they counsel against a finding that the Caudle's late attempt to add witnesses is substantially justified or harmless. Therefore, his motion to amend the witness list will be denied, and the physicians will not be allowed to testify at trial.

**(1) The Surprise to the Party Against Whom the Evidence Would be Offered**

Caudle argues that the inclusion of his treating physicians should not come as a surprise because (i) his witness list, like Nielsen's, included all individuals described in depositions; (ii) he referred to his physicians in depositions; and (iii) he signed authorizations for the release of medical records. In support, Caudle cites a case in which a plaintiff was allowed to add two physicians to her witness list on a motion filed one month before the pretrial hearing. See Chavez v. Waterford Sch. Dist., No. 09-12236, 2010 WL 3975314 (E.D. Mich. Oct. 8, 2010). The motion in that case was also premised on a generic or "catch-all" category of witnesses in the witness list.

However, Chavez is distinguishable because the generic category included in that case was more specific. The plaintiff's witness list in Chavez referred to "Any or all of Plaintiff's treating or attending physicians . . . ." Chavez at *1. Had Caudle included a similar category in his witness list, he might have lessened Nielsen's "surprise" in two senses. First, he would have limited the universe of individuals who might be added to the list substantially—Caudle's physicians are a considerably smaller group than "All persons or entities referred to in depositions, interrogatories, answers to interrogatories, responses to requests for documents or responses to third-party

3

subpoenas." Pl. Witness List at 2.  Second, a more specific "catch-all" category would have given Nielsen a better idea of the substance of the would-be witnesses' testimony, allowing it to prepare for the inclusion of medical testimony.  While Chavez provides some support for the claim that generic categories prepare litigants for the possibility of additional, specific witnesses, it does not support Caudle's contention with regard to the highly generic category included on Caudle's witness list.

Caudle also emphasizes the fact that Nielsen, too, included a generic category of witnesses including all individuals identified in discovery.  See Def. Witness List (Dkt. 28).  However, Nielsen amended its witness list before the close of discovery (Dkt. 32) and has not attempted to add witnesses since.

Although Caudle's desire to call these witnesses might not be altogether shocking, his late attempt to do so qualifies as a surprise, and it might well create a need to re-open discovery.  See Chavez, 2010 WL 3975311 at *4 (denying another aspect of the plaintiff's motion to amend the witness list pursuant to a "catch-all" category, where so amending the witness list would lead to the need for additional discovery).  This motion came over a year and three months after the close of discovery.  Nielsen had a right to treat the witness lists as final and prepare for trial accordingly.  The first Howe factor weighs in Nielsen's favor.

### (2) Nielsen's Ability to Cure the Surprise and (3) The Extent to Which Allowing the Evidence Would Disrupt the Trial

Caudle, implicitly addressing the second and third Howe factors together, argues that because Nielsen has three months to depose the physicians before trial, Nielsen could cure the surprise easily and that including the witnesses would not delay trial.  Mot. at 10.  However, scheduling and taking depositions with physicians is a difficult task during the best of times, and the current pandemic may exacerbate these challenges.  Furthermore, because physicians often

4

provide a hybrid of fact and expert testimony, any depositions taken might motivate Nielsen to seek to add new witnesses, leading to further delay and inconvenience. With trial set for January 25, 2021—a date the Court intends to maintain as this case is now nearly three years old—Nielsen might not be able to cure the surprise in time for trial. The second and third Howe factors weigh in Nielsen's favor.

**(4) The importance of the evidence**

Caudle addresses the fourth Howe factor in the following brief and conclusory statement: "Further, due to the nature of the remaining claims involving his disability, establishing the effect of Defendant's actions on exacerbating Plaintiff's physical condition, and resultant damages, is extremely important testimony that Plaintiff needs to be able to present to a jury." Mot. at 10-11. This statement is not entirely clear, but Caudle appears to argue that physician testimony is necessary to establish damages resulting from Nielsen's allegedly discriminatory treatment of Caudle.[1] While such testimony might well be helpful for his damages claim, Caudle has not shown that it is necessary, or even particularly important. Workplace discrimination and discriminatory discharge involve harms that can often be described effectively by the victim of such treatment, and Caudle has not explained how his physicians would bolster his claim for damages. The fourth Howe factor does not support granting Caudle's motion.

**(5) The Nondisclosing Party's Explanation for its Failure to Disclose the Evidence**

Finally, Caudle has provided no explanation for his failure to file a timely amendment to his witness list. From his repeated invocation of the "honest mistake" standard for evaluating harmlessness, see Reply at 1, 3, Caudle implies that this was simply an innocent oversight by

---

[1] Caudle does not appear to argue that he needs physician testimony to establish or support elements of his claims other than damages.

counsel. Although honest mistakes happen, Caudle was not particularly diligent in curing the mistake. Over a month passed between counsel's discovery of the error on July 30, 2020, id. at 2, and the filing of this motion on September 11, 2020. While there appears to be no evidence of bad faith or unfair strategic behavior, Caudle and his counsel have failed to act with the diligence owed to the opposing party and the judicial process. The final Howe factor weighs against Caudle.

### IV.     CONCLUSION

Caudle has not demonstrated that his failure to include his physicians on his witness list is harmless or was substantially justified, as all five factors weigh against those conclusions. Therefore, the physicians' testimony must be excluded, pursuant to Rule 37(c)(1). Caudle's motion to amend his witness list (Dkt. 50) is denied.

SO ORDERED

Dated: November 12, 2020        s/Mark A. Goldsmith
    Detroit, Michigan        MARK A. GOLDSMITH
                United States District Judge