IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

       Plaintiff,

                             Case No. 2:17-cv-13737

v.

                             Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

       Defendant.

_____

| | |
|---|---|
| CARLA D. AIKENS, P.C. | MILLER, CANFIELD, PADDOCK |
| CARLA D. AIKENS  (P-69530) | AND STONE, P.L.C. |
| CONNOR GALLAGHER (P-82104) | MEGAN P. NORRIS  (P-39318) |
| Attorney for Plaintiff | JESSICA B.K. PASK (P-82212) |
| 615 Griswold, Suite 709 | Attorneys for Defendant |
| Detroit, Michigan  48226 | 150 West Jefferson, Suite 2500 |
| carla@aikenslawfirm.com | Detroit, Michigan  48226 |
| connor@aikenslawfirm.com | (313) 963-6420 |
| | norris@millercanfield.com |
| | pask@millercanfield.com |

_____

## DEFENDANT'S MOTION IN *LIMINE*

"LOCAL RULE CERTIFICATION:  I, Megan P. Norris, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3)."

Defendant, the Nielsen Company (US), LLC, through its attorneys, Miller, Canfield, Paddock and Stone, PLC, hereby moves to exclude from trial several categories of potential evidence and testimony for the following reasons:

1.      The undersigned counsel certifies that on November 20, 2020, counsel provided Plaintiff's counsel with a draft of its Brief in support of this Motion explaining the nature of the relief to be sought and the basis for the motion, and requested concurrence in the relief.  Plaintiff's counsel did not respond, making this Motion necessary.

2.      On April 13, 2018, Plaintiff, David Caudle, a former employee of the Nielsen Company (US), LLC ("Defendant," "Nielsen" or "the Company"), filed a nine-count Complaint alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Elliott-Larsen Civil Rights Act ("ELCRA"), the Family and Medical Leave Act ("FMLA"), and the Persons With Disabilities Civil Rights Act ("PWDCRA"); disability harassment/discrimination in violation of the Americans with Disabilities Act ("ADA") and the PWDCRA; racial harassment/discrimination in violation of Title VII and the ELCRA; and negligent infliction of emotional distress (Count IX).

3.      On March 31, 2020, this Court dismissed all but Plaintiff's claims for retaliation in violation of the FMLA, and disability harassment/discrimination in violation of the ADA and PWDCRA.

1

4.     On November 12, 2020, this Court denied Plaintiff's Motion to Amend Witness List to include his treating physicians as witnesses at trial.

5.     Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure regarding discovery, including but not limited to failing to produce any evidence of his damages identified in his Rule 26 Initial Disclosures despite repeated requests for these documents.

6.     To the extent that Plaintiff intends to seek wage loss damages after April 2018, evidence of the same should be precluded at trial because Plaintiff was deemed medically unable to work and placed on Social Security in April 2018 and failed to mitigate his claims thereafter.

7.     Finally, Plaintiff should not be allowed to offer either expert or lay opinion evidence regarding his medical condition or the cause or aggravation of that condition because Plaintiff did not timely list any expert witnesses and Plaintiff is not qualified to introduce lay opinion testimony on these issues.

8.     Therefore, this Motion seeks to preclude Plaintiff from introducing evidence or testifying to the following:

      a.     Claims that this Court has already dismissed;

      b.     Witnesses who are not listed in Plaintiff's witness list;

      c.     Expert reports or testimony;

      d.     Lay opinion testimony;

e.      Damages Plaintiff alleged in his Initial Disclosures but did not provide evidence of despite repeated requests from Defendant;

f.      Evidence related to wage loss damages after April 2018; and

g.      Claims of alleged disability harassment/discrimination or violation of the FMLA occurring outside the statute of limitations.

WHEREFORE, for the reasons more thoroughly explained in the accompanying brief, Defendant respectfully requests that this Court grant its Motion and preclude Plaintiff from testifying to, or providing evidence of, the above categories at trial.

/s/Megan P. Norris
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
norris@millercanfield.com
P-39318

Dated:  November 23, 2020

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

       Plaintiff,

                                  Case No. 2:17-cv-13737

v.

                                  Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

       Defendant.
_____

| | |
|---|---|
| CARLA D. AIKENS, P.C. | MILLER, CANFIELD, PADDOCK |
| CARLA D. AIKENS  (P-69530) | AND STONE, P.L.C. |
| CONNOR GALLAGHER (P-82104) | MEGAN P. NORRIS  (P-39318) |
| Attorney for Plaintiff | JESSICA B.K. PASK (P-82212) |
| 615 Griswold, Suite 709 | Attorneys for Defendant |
| Detroit, Michigan  48226 | 150 West Jefferson, Suite 2500 |
| carla@aikenslawfirm.com | Detroit, Michigan  48226 |
| connor@aikenslawfirm.com | (313) 963-6420 |
| | norris@millercanfield.com |
| | pask@millercanfield.com |

_____

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION *IN LIMINE***

    "LOCAL RULE CERTIFICATION:  I, Megan P. Norris, certify that this document complies with Local Rule 5.1(a), including:  double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3)."

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ...........................vi

STATEMENT OF ISSUES PRESENTED............................................. vii

INTRODUCTION .................................................................................1

ARGUMENT ........................................................................................2

I.     Evidence Related to Claims That Have Been Dismissed ...................2

II.    Witnesses Not Disclosed on Plaintiff's April 23, 2019 Witness List...................................................................................................4

III.   Expert Reports or Lay Opinion Testimony Regarding Plaintiff's Medical Condition or Alleged Damages.............................................5

      A.    Expert testimony related to Plaintiff's medical conditions or damages associated therewith.................................................5

      B.    Impermissible lay opinion testimony related to Plaintiff's medical condition or damages associated therewith.................7

IV.   Evidence of Damages for Which Plaintiff Failed to Respond to Discovery Requests ......................................................................10

V.    Evidence of Wage Loss After April 2018........................................15

VI.   Evidence of Alleged Wrongdoing Outside the Statute of Limitations....................................................................................17

CONCLUSION ....................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. DaimlerChrysler Corp.*,
   2006 WL 626239 (Mich. Ct. App. Mar. 14, 2006)............................................19

*Alvarado v. Oakland Cty.*,
   809 F. Supp. 2d 680 (E.D. Mich. 2011) ..............................................................4

*Bhaya v Westinghouse Electric Corp*,
   922 F2d 184 (3rd Cir. 1990), *cert den*, 501 US 1217 (1991) ............................21

*Chavez v. Carranza*,
   559 F.3d 486 (6th Cir. 2009) ................................................................................9

*Falls Stamping & Welding Co v Int'l Union, United Automobile,*
   *Aircraft & Agricultural Implement Workers of America*,
   485 F Supp. 1097 (N.D. Ohio 1979), *aff'd*, 667 F.2d 1026 (6th Cir.
   1981), *cert. denied*, 455 U.S. 1019 (1982) ........................................................17

*Fielden v. CSX Transp., Inc.*,
   482 F.3d 866 (6th Cir. 2007) ................................................................................6

*Garrett v. Saluda Shirt Co*,
   526 F Supp 1 (D.S.C. 1979)................................................................................16

*Gleed v. AT&T Servs., Inc.*,
   No. 13-12479, 2016 WL 1451532 (E.D. Mich. Apr. 12, 2016)......................8, 9

*Goodell v. CitiMortgage, Inc.*,
   No. 12-12979, 2013 WL 3466969 (E.D. Mich. July 10, 2013)..........................15

*Greenfield v. Sears, Roebuck and Co.*,
   2006 WL 508655 (E.D. Mich. Mar. 2, 2006).....................................................21

*Harris v. J.B. Robinson Jewelers*,
   627 F.3d 235 (6th Cir. 2010) ................................................................................8

*Harris v. Secretary, United States Dep't of the Army*,
   119 F.3d 1313 (8th Cir. 1997) ..............................................................................4

*Hill v. PBG Michigan LLC*,
    2006 WL 2872581 (Mich. Ct. App. Oct. 10, 2006) ...........................................21

*King v. Ford Motor Co.*,
    209 F.3d 886 (6th Cir. 2000) .................................................................14

*Malarkey v. Texaco, Inc.*,
    983 F.2d 1204 (2d Cir. 1993) ...............................................................20

*Mid Am. Sols., LLC v. Merch. Sols. Int'l, Inc.*,
    No. 1:15-CV-563, 2016 WL 7009783 (W.D. Mich. Dec. 1, 2016) ..................14

*Musser v. Gentiva Health Servs.*,
    356 F.3d 751 (7th Cir. 2004) ..........................................................5, 6, 7

*Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*,
    No. 2:08-CV-12247, 2010 WL 987772 (E.D. Mich. Mar. 12, 2010) ...............15

*Rasimas v. Michigan Department of Mental Health*,
    714 F2d 614 (6th Cir. 1983) .................................................................16

*Roberts v. Galen of Va., Inc.*,
    325 F.3d 776 (6th Cir. 2003) ..................................................................6

*Russell v. PBG Michigan LLC*,
    2006 WL 1408400 (Mich. Ct. App. May 23, 2006)...................................19

*Schrand v. Federal Pacific Electric Co.*,
    851 F.2d 152 (6th Cir. 1988) ..................................................................3

*Spink v. MacSteel Michigan*,
    2005 WL 3500954 (Mich. Ct. App. Dec. 22, 2005)...................................19

*Stern v. Shouldice*,
    706 F.2d 742 (6th Cir. 1983) ..................................................................3

*Tart v. Elementis Pigments, Inc.*,
    191 F. Supp. 2d 1019 (S.D. Ill. 2001)......................................................16

*United Air Lines v. Evans*,
    431 U.S. 553 (1977)......................................................................19, 20

*Wingfield v. United Technologies Corp.*,
    678 F.Supp 973 (D. Conn. 1988)................................................................19, 20

*Woods v. Demmer Corp.*,
    2010 WL 1531413 (W.D. Mich. 2010) ............................................................14

*Woods v. Lecureux*,
    110 F.3d 1215 (6th Cir. 1997) ............................................................................9

**Statutes**

Americans with Disabilities Act ....................................................................1, 2, 3

Title VII of the Civil Rights Act of 1964....................................................1, 2

Elliott-Larsen Civil Rights Act .....................................................................1, 2

Family and Medical Leave Act......................................................................1, 2, 3

Michigan Persons With Disabilities Civil Rights Act .................................1, 2, 3

**Court Rules**

Fed. R. Civ. P. 26(a)(2)(C) ..........................................................................5, 8

Fed. R. Civ. P. 37(c)(1)................................................................................5, 14

Fed. R. Civ. P. 30(b)(2)................................................................................13

Fed. R. Civ. P. 26..........................................................................................2, 5, 15

Fed. R. Civ. P. 26(a)......................................................................................5, 14

Fed. R. Civ. P. 26(a)(1)(A) ..........................................................................7

Fed. R. Civ. P. (a)(1)(A)(iii) .......................................................................13

Fed. R. Civ. P. 26(a)(2).................................................................................8

Fed. R. Civ. P.  26(a)(2)(A) .........................................................................5, 6

Fed. R. Civ. P. 30..........................................................................................14

Fed. R. Civ. P. 34..........................................................................................14

-iv-

Fed. R. Civ. P. 37 ..........................................................................................14

Fed. R. Civ. P. 37(c)................................................................................14, 16

Fed. R. Evid. 401 ..............................................................................................3

Fed. R. Evid. 402 ..............................................................................................3

Fed. R. Evid. 403 .......................................................................................3, 21

Fed. R. Evid. 701 .........................................................................................7, 8

Fed. R. Evid. 702 ..............................................................................................5

Fed. R. Evid. 703 ..............................................................................................5

**Other Authorities**

5 Corbin on Contracts §1039 ..........................................................................16

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Evid. 401, 402, 403, 701 and 702

*Chavez v. Carranza*, 559 F.3d 486 (6th Cir. 2009)

*Fielden v. CSX Transp., Inc.*, 482 F.3d 866 (6th Cir. 2007)

*Harris v. J.B. Robinson Jewelers,* 627 F.3d 235 (6th Cir. 2010)

*King v. Ford Motor Co.*, 209 F.3d 886 (6th Cir. 2000)

*Rasimas v. Michigan Department of Mental Health*, 714 F2d 614 (6th Cir. 1983)

*Roberts v. Galen of Va., Inc.*, 325 F.3d 776 (6th Cir. 2003)

*Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152 (6th Cir. 1988)

*Stern v. Shouldice*, 706 F.2d 742 (6th Cir. 1983)

*United Air Lines v. Evans*, 431 U.S. 553 (1977)

*Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997)

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Should the Court preclude Plaintiff from presenting evidence related to his dismissed claims?

   **Defendant states the answer is "yes."**

2. Should the Court preclude Plaintiff from calling at trial any witnesses not disclosed in his witness list?

   **Defendant states the answer is "yes."**

3. Should the Court preclude Plaintiff from entering, or testifying to, any expert reports or identification of any experts as well as any inappropriate lay opinion evidence regarding his medical condition or alleged damages associated therewith?

   **Defendant states the answer is "yes."**

4. Should the Court preclude Plaintiff from presenting evidence of damages where he failed to produce requested evidence of such damages to Defendant?

   **Defendant states the answer is "yes."**

5. Should the Court preclude Plaintiff from presenting evidence of wage loss damages after April 2018, when he was deemed medically unable to work?

   **Defendant states the answer is "yes."**

6. Should the Court preclude Plaintiff from presenting evidence of alleged wrongdoing that occurred outside the statute of limitations?

   **Defendant states the answer is "yes."**

## **INTRODUCTION**

Plaintiff, David Caudle, is a former employee of the Nielsen Company (US), LLC ("Defendant", "Nielsen" or "the Company"), who brought a nine-count Complaint regarding events that he alleges occurred while he held the position of Field Representative for four and half years between 2012 and October 2016, when Plaintiff was terminated.

Defendant anticipates that Plaintiff will attempt to introduce evidence that is irrelevant to the remaining claims in this case, is inconsistent with this Court's orders, or is otherwise inadmissible.  Specifically, Defendant believes that Plaintiff may attempt to present evidence regarding the following:

      a.    Claims that this Court has already dismissed;

      b.    Witnesses who are not listed in Plaintiff's witness list;

      c.    Expert reports or testimony;

      d.    Lay opinion testimony;

      e.    Damages Plaintiff alleged in his Initial Disclosures but did not provide evidence of despite repeated requests from Defendant;

      f.    Evidence related to wage loss damages after April 2018; and

      g.    Claims of alleged disability discrimination or intentional infliction of emotional distress occurring outside the statute of limitations.

This evidence should be excluded at trial.

1

## **ARGUMENT**

### I.     **Evidence Related to Claims That Have Been Dismissed**

On November 16, 2017, Plaintiff filed a nine-count Complaint alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Elliott-Larsen Civil Rights Act ("ELCRA") (Counts I and II); racial harassment/discrimination in violation of Title VII and the ELCRA (Counts VII and VIII); retaliation in violation of the Family and Medical Leave Act (Count III); disability harassment/discrimination in violation of the Americans with Disabilities Act ("ADA") and Persons With Disabilities Civil Rights Act ("PWDCRA") (Counts IV and V); retaliation in violation of the PWDCRA (Count VI); and negligent infliction of emotional distress (Count IX) (ECF No. 1).

On March 31, 2020, in ruling on Defendant's Motion for Summary Judgment, this Court dismissed six of Plaintiff's claims in their entirety, including Plaintiff's claims of race discrimination/harassment and retaliation in violation of Title VII and the ELCRA (Counts I, II, VII and VIII), Plaintiff's claim for retaliation in violation of the PWDCRA (Count VI), and Plaintiff's claim of negligent infliction of emotional distress (Count IX) (ECF No. 47).  What remains are Plaintiff's claims of retaliation in violation of the FMLA (Count III) and Plaintiff's claims of disability discrimination/harassment (Counts IV and V).

Evidence related to Plaintiff's dismissed claims is not relevant because evidence and argument that Plaintiff must offer in establishing the elements of his remaining claims differs from what would have been required of Plaintiff regarding claims that this Court has dismissed. In other words, evidence related to Plaintiff's dismissed claims has no tendency to make any fact of consequence to the action more or less probable. Fed. R. Evid. 401. Thus, such evidence is inadmissible. Fed. R. Evid. 402.

If any, the probative value of evidence related to Plaintiff's dismissed claims is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403. This is because such inflammatory evidence will divert the jury's attention away from the relevant issues (*i.e.*, whether Plaintiff was retaliated against in violation of the FMLA, or discriminated against or harassed based on an alleged disability in violation of the ADA and PWDCRA).

Courts regularly exclude evidence that only exists to add an "an emotional element" that is lacking from the remaining claims. *See, e.g., Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988); *Stern v. Shouldice*, 706 F.2d 742, 750 (6th Cir. 1983) (affirming exclusion of evidence that "might have inflamed or confused the jury").

3

Here, there is no basis for introducing evidence of race or other dismissed claims and doing so would pose a significant risk that the jury will view evidence related to the dismissed claims and render a verdict on that basis. *See, e.g., Harris v. Secretary, United States Dep't of the Army*, 119 F.3d 1313, 1322 (8th Cir. 1997) (affirming trial court's exclusion of discrimination and hostile work environment testimony in trial of retaliation claim; "Because [the employee] had already tried and lost her sex discrimination claim for failure to promote, the district court was properly concerned that the issue of sex discrimination not be relitigated in her second trial on the retaliation claim"); *Alvarado v. Oakland Cty.*, 809 F. Supp. 2d 680, 687 (E.D. Mich. 2011) (concluding that evidence of marginal relevance to the remaining issues must be excluded because the probative value is outweighed by its potential for unfair prejudice). Thus, the evidence should be excluded.

## II.    Witnesses Not Disclosed on Plaintiff's April 23, 2019 Witness List

On April 23, 2019, Plaintiff filed his witness list in this matter, identifying six lay witnesses (ECF No. 29). On September 11, 2020, Plaintiff sought to amend his witness list to add his treating physicians (ECF No. 50). On November 12, 2020, this Court issued an Opinion & Order Denying Plaintiff's Motion to Amend Witness List finding that Plaintiff had not demonstrated that his failure to include his treating physicians on his witness list was substantially justified or harmless

(ECF No. 56, PageID.1789), and that the physicians' testimony must be excluded pursuant to Fed. R. Civ. P. 37(c)(1) (*Id.*).

Therefore, any testimony from treating physicians or any other witnesses not identified in Plaintiff's April 23, 2019 Witness List must be excluded at trial.

## III. Expert Reports or Lay Opinion Testimony Regarding Plaintiff's Medical Condition or Alleged Damages

### A. Expert testimony related to Plaintiff's medical conditions or damages associated therewith

In addition to the disclosure of fact witnesses required by Rule 26(a)(1), Rule 26(a)(2)(A) requires that a party disclose the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C); *see Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-757 (7th Cir. 2004) ("… *all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)."). "If a party fails to … identify a witness as required by Rule 26(a) … , the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the

violation was harmless or is substantially justified.'"  *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003), quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999).[1]

Pursuant to the Amended Scheduling Order, Plaintiff was required to disclose information about expected expert testimony/reports by April 23, 2019 and expert discovery closed May 26, 2019 (ECF No. 26).  To date, no such expert has been identified and Defendant has had no opportunity to conduct any discovery into any expert.

Plaintiff cannot argue that his treating physicians can testify as expert witnesses.  First, as indicated above, this Court has precluded Plaintiff from presenting his treating physicians as witnesses at trial.  Second, Rule 26(a)(2)(A)'s disclosure requirements apply with equal force to treating physicians that are expected to provide expert testimony.  *Id.* at 758; *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 n.3 (6th Cir. 2007).  Specifically, a treating physician must be disclosed under Rule 26(a)(2)(A) "if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation."  *Musser*, 356 F.3d at 757 n.3.  To the extent Plaintiff argues otherwise, disclosure is required even if the treating physician was previously identified as a

---

[1] Unreported opinions are attached as Exhibit 1.

fact witness under Rule 26(a)(1)(A).  *Id.* at 757 (noting that it would not be a "pointless formality to disclose in writing a list of names of persons already known to [the other party] through prior discovery, this time with the designation 'expert witness,'" because the Federal Rules of Civil Procedure require this formal designation).

For the same reasons as stated in this Court's recent order denying Plaintiff's motion to amend his witness list, Plaintiff should not be allowed to amend his expert witness list in this late stage of the case.  Plaintiff will not be able to show that his failure to disclose his expert witnesses was substantially justified or harmless, just as he could not with his failure to disclose his treating physicians in his witness list (ECF No. 56, PageID.1786-1789).  Plaintiff will be unable to provide a justified reason for his failure to include an expert on his list, and Defendant will be prejudiced at this late stage if it is required to conduct expert discovery.  In short, Plaintiff's failure to list an expert or provide any expert disclosures precludes him from presenting evidence of the same at trial.

### B.  Impermissible lay opinion testimony related to Plaintiff's medical condition or damages associated therewith

Any testimony offered about the cause of Plaintiff's medical condition and alleged damages associated therewith would constitute impermissible lay witness opinion under Rules 701 and 702.  Federal Rule of Evidence 701 requires lay witness testimony to be "(a) rationally based on the witness's perception, (b)

helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) **not based on scientific, technical, or other specialized knowledge within the scope of Rule 702**."   Fed. R. Evid. 701 (emphasis added).   Lay fact testimony essentially consists of personal factual observations, such as those about physical qualities or events, and lay opinion testimony consists of summaries of those facts.   It does not include opinions about the causes of Plaintiff's medical condition or damages related to the same.   *Gleed v. AT&T Servs., Inc.*, No. 13-12479, 2016 WL 1451532, at *4 (E.D. Mich. Apr. 12, 2016) ("to the extent that Plaintiff seeks to introduce opinion testimony regarding the causation or exacerbation of his medical condition or opinion testimony regarding his physical pain or emotional distress, such testimony is expert testimony and the [lay witness] offering that expert opinion should have been identified as an expert pursuant to Rule 26(a)(2) and summary disclosures were required under Rule 26(a)(2)(C).").

Having identified no expert witness, Plaintiff would be relying on non-medical lay witness, who does not have any "other specialized knowledge," to testify about his medical condition and alleged damages stemming therefrom.   This should not be permitted, as Rule 702 mandates that a witness who provides testimony requiring, *inter alia*, "other specialized knowledge," be qualified as an expert.   *See Harris v. J.B. Robinson Jewelers,* 627 F.3d 235, 240 (6th Cir. 2010) ("'lay testimony results from a process of reasoning familiar in everyday life,

8

whereas an expert's testimony results from a process of reasoning which can be mastered only by specialists in the field.'"); *Gleed,* 2016 WL 1451532, at *3 citing *Daniels v. District of Columbia,* 15 F. Supp. 3d 62, 70 (D.D.C. 2014) ("testimony as to the diagnosis and treatment of a patient, and the reasons therefore, is beyond the ability of the average lay witness' competency and is necessarily based on 'the expert's scientific, technical, or specialized knowledge,' in the form of doctors' medical training and experience").

Furthermore, insofar as Plaintiff or other lay witnesses would be testifying about the legal damages that Plaintiff allegedly incurred as a result of his medical condition, they would essentially purport to offer a lay person's testimony about the medical/accounting professions understanding of a ***legal*** matter.   Courts repeatedly prevent experts from rendering opinions on legal conclusions. *See, e.g., Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009) ("An expert opinion on a question of law is inadmissible"); *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("testimony that does little more than tell the [trier of fact] what result to reach – is properly excludable under the Rules").  This is because "a district court abuses its discretion when it allows a witness to define legal terms, *especially terms that carry a considerable amount of legal baggage*."  *Woods*, 110 F.3d at 1220 (emphasis added).  Accordingly, the anticipated evidence regarding the cause

of Plaintiff's medical condition and damages associated therewith should be excluded.

## IV. Evidence of Damages for Which Plaintiff Failed to Respond to Discovery Requests

To date, Plaintiff has failed to give responses to Defendant's discovery requests attached to Plaintiff's Notice of Deposition *Duces Tecum*. Notices with identical *duces tecum* requests were issued on December 19, 2018, April 23 and May 13, 2019 (Exhibit 2, Notices *Duces Tecum*). Plaintiff was deposed May 15, 2019. Despite having almost five months to respond, Plaintiff did not produce any documents at his deposition. Defendant's counsel raised this with Plaintiff's counsel, who indicated he would request the documents and produce them (25-28).[2]

On May 28, June 12, June 20, July 18, and August 28, 2019, Defendant raised the discovery issues by letter and email, in an attempt to avoid a Motion to Compel (Exhibit 4). On June 20, 2019, Plaintiff's counsel indicated that Plaintiff was in the hospital and was unlikely to be able to respond to the discovery requests within the time requested (*Id.*). Defense counsel immediately wrote back indicating that based on counsel's representations, Defendant would wait to receive documents after Plaintiff was released (*Id.*).

_____

[2] Unless otherwise indicated, cited pages are taken from Plaintiff's deposition and are attached as Exhibit 3.

10

Having not heard from Plaintiff by July 18, 2019, Defendant again requested an update on the status of Plaintiff's discovery efforts (*Id*.).  Plaintiff's counsel responded that day that she would reach out and provide Defendant with a status update (*Id*).   Again, on August 28, 2019, Defendant sent another letter to Plaintiff's counsel detailing efforts to collect outstanding discovery from Plaintiff. (*Id*.).  Plaintiff's counsel responded that day indicating that she would follow up with Plaintiff to determine the status of his efforts to gather discovery and the status of his social security records (*Id*.).   Defendant did not hear back from Plaintiff.

On April 2, 2020, Defendant sent yet another letter to Plaintiff's counsel requesting discovery (*Id*. at p. 17-28).  However, despite prior representation that this information would be forthcoming, on this occasion Plaintiff's counsel told Defendant's counsel that she had waited too long to obtain the requested information, having apparently decided that her earlier representations about gathering discovery were meaningless (*Id.*).

On April 3, 2020, Plaintiff produced a two-page summary of his social security records, a number of undated, partial, W-2 stubs, and seven receipts related to Plaintiff's cancelled wedding.  Still outstanding are notes and documents Plaintiff said that he had at his deposition, such as tax returns, and documentation related to his alleged damages contained in his Initial Disclosures, such as wage

loss; medical bills and expenses; reimbursement of 401k; reimbursement of wedding losses; rental car costs; loss of value of car for 18 months; reimbursement for cell phone; reimbursement for cell phone plan; and pain and suffering (Exhibit 5).

On April 14, 2020, Defendant indicated to Plaintiff that it required the outstanding information (Exhibit 4). No response to that request was received. To date the above discussed discovery is still outstanding.

Plaintiff should be precluded from presenting evidence related to these alleged damages because Plaintiff has failed to produce in discovery supporting documents for his computation of damages.

Rule 26(a)(1)(A)(iii) requires Plaintiff to produce:

[A] computation of each category of damages claimed by the disclosing party--**who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Despite repeated requests for discovery, including a specific request for: "All notes, bills, writings, receipts, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other records **reflecting, establishing, or documenting out-of-pocket expenses and the amount of any other damages Plaintiff has allegedly**

12

**incurred as the result of the acts complained of in his Complaint,**"[3] Plaintiff never supplemented his computation of damages with any document save for Plaintiff's wedding receipts and partial W-2's.  Under Rule 37, Plaintiff's conduct is sanctionable.  *Woods v. Demmer Corp.*, 2010 WL 1531413, *2 (W.D. Mich. 2010) ("defendant is entitled to receive that information during discovery and not on the day of trial, so that it has adequate time to prepare").

Much like his failure to provide Defendant with expert witness information, Plaintiff will not be able to show that his omission was substantially justified or harmless.  Again, "Rule 37(c) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'"  *Mid Am. Sols., LLC v. Merch. Sols. Int'l, Inc.*, No. 1:15-CV-563, 2016 WL 7009783, at *5 (W.D. Mich. Dec. 1, 2016); *King v. Ford Motor Co.*, 209 F.3d 886, 900 (6th Cir. 2000) (affirming the district court's exclusion of expert testimony under Rule 37(c)(1) for failure to comply with the strictures of 26(a)).

---

[3] See Exhibit 2 (emphasis added).  In the event that Plaintiff claims the requests are improper, Fed. R. Civ. Pro. 30(b)(2) states in relevant part that "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  While Rule 30 states that the request is under Rule 34, no case law or rule provides that a separate and distinct Rule 34 Request to Produce be served upon the party.  This instead means that a party will be given the same contents of the request and time to respond as they would have under Rule 34.

Here, Plaintiff is unable to show that his failure to provide Defendant with information over the past year and a half is substantially justified. Defendant made repeated requests for the information over the course of nearly a year, and each time, save the last correspondence, was told the information was forthcoming. Plaintiff is now unable to avoid the ramifications of his inaction. *Goodell v. CitiMortgage, Inc.*, No. 12-12979, 2013 WL 3466969, at *11 (E.D. Mich. July 10, 2013) (holding that failure to produce documents under Rule 26 is not harmless because Defendant was entitled to such information, and refusing to allow evidence of economic damages at trial).

Not having access to the documents underlying the computations has hindered, and will continue to hinder, Defendant's ability to defend itself against Plaintiff's claims. Defendant does not have knowledge of the damages other than Plaintiff's representations in his Initial Disclosures.[4] It would be prejudicial at this juncture to allow Plaintiff to submit evidence at trial that Defendant would be

---

[4] While Defendant was able to obtain medical records via third-party subpoenas from many of the treaters that Plaintiff identified in his deposition, Plaintiff has not identified with particularity what medical bills are currently outstanding. Further, Plaintiff was offered medical benefits by his past employer, Aerotek, in May 2017 (Exhibit 6), but it is unclear whether he decided to participate in the benefits program. Plaintiff also testified that he was judgment-proof from lawsuits related to his medical bills. (13-14).

14

unable to rebut.[5]  *Park W. Galleries, Inc. v. Glob. Fine Art Registry, LLC*, No. 2:08-CV-12247, 2010 WL 987772, at *6 (E.D. Mich. Mar. 12, 2010) (the sanctioned party may only present evidence at trial that it supplied in discovery).

To allow Plaintiff to introduce any documents not timely produced or any testimony or other evidence concerning such documents would be unduly prejudicial to Defendant and would irreparably harm the defense of this matter. Accordingly, the Court should preclude Plaintiff from introducing evidence and testimony related to the damages above under Rule 37(c).

## V.   Evidence of Wage Loss After April 2018

The law is well settled that neither back pay nor front pay is recoverable for periods in which a person is ill, disabled, or otherwise incapacitated and cannot work.  *Garrett v. Saluda Shirt Co*, 526 F Supp 1, 5 (D.S.C. 1979); *Tart v. Elementis Pigments, Inc.*, 191 F. Supp. 2d 1019, 1025 (S.D. Ill. 2001) ("An employee is not entitled to back pay for periods of time that he otherwise would not have been working even if the unlawful discrimination had not occurred.").

Moreover, an allegedly discriminatorily discharged employee has a duty to avoid or minimize his damages.  *Rasimas v. Michigan Department of Mental Health*, 714 F2d 614 (6th Cir. 1983).  Where an employee has failed to diligently

---

[5] Even where Plaintiff specifically stated that he thought he might have "notes" pertaining to his claims at his deposition (25-28), he has repeatedly failed to answer requests for the same.

seek comparable work, any claimed wage loss no longer flows from the alleged discriminatory discharge, but rather flows from the employee's own conduct. "The law does not penalize him for his inaction; it merely does nothing to compensate him for the loss that he helped to cause by not avoiding it."  5 Corbin on Contracts §1039, at 242-243.

Plaintiff has had sickle cell anemia since before the events at issue in this lawsuit (29).  After being terminated by Nielsen, Plaintiff went to work for Aerotek under a six-month contract, which he completed (42, 56).  In April 2018, a year and a half after he last worked for Defendant and after he had successfully completed an assignment with another company, Plaintiff became totally disabled from his sickle cell anemia such that he was approved for Social Security permanent disability benefits (Exhibit 7).

While Defendant anticipates that Plaintiff will argue that he became totally disabled because of the actions of Defendant, Plaintiff cannot present medical evidence to that effect for the reasons discussed above.  Plaintiff cannot argue that he would have been able to remain employed by Defendant such that he should be entitled to lost wages after he was deemed permanently disabled.

In addition, Plaintiff concedes that he did not look for work after he discovered he became permanently disabled (41).  Under the law, this constitutes a failure to mitigate his damages and precludes an award of damages for lost wages

16

after April 2018.  *Falls Stamping & Welding Co v Int'l Union, United Automobile, Aircraft & Agricultural Implement Workers of America*, 485 F Supp. 1097 (N.D. Ohio 1979), *aff'd*, 667 F.2d 1026 (6th Cir. 1981), *cert. denied*, 455 U.S. 1019 (1982).

## VI.    Evidence of Alleged Wrongdoing Outside the Statute of Limitations

There are several events which Plaintiff testified to at his deposition, that he did not raise, nor could he have raised, in his EEOC complaint, because they did not occur within the 300-day window required for filing.  On this basis, Plaintiff should be precluded from arguing wrongdoing regarding the following events:

1.    Plaintiff's July 2014 PIP;
2.    An alleged 2014 voluntary survey regarding the job satisfaction of African American employees;[6]
3.    A September 2014 Ernst and Young Audit;
4.    Plaintiff's November 2014 injury and any related allegations about comments Dinsmore or Mata may have made during this time period;
5.    Plaintiff's 2014 Annual Review, which he received on February 12, 2015;
6.    Plaintiff's First Request to Transfer in 2015; and
7.    Any alleged remark by Dinsmore about not "coughing on Dave" in 2015.[7]

(ECF No. 36, PageID.430-432).[8]

---

[6] In its Order on Defendant's Motion for Summary Judgment, the Court found that "Caudle's racial discrimination claims concerning earlier events occurring are time barred" (ECF No.  47, PageID.1568).

[7] In his Complaint at ¶58 (ECF No. 10, PageID.41) Plaintiff alleges that he was told by Dinsmore that his co-workers were "sick" of covering for him in 2016.  In his deposition he inconsistently testified that the comment was made in 2015 (195).

[8] While the PIP and 2014 performance review are outside the statute of limitations and therefore not actionable, the performance issues that gave rise to the PIP and

17

Plaintiff did not file a timely EEOC Charge based on these events, and in the case of event (1)-(4) above, did not file suit within three years of the event in question as required by Michigan law.  Accordingly, he cannot seek to recover any damages based upon these events.  *See Wingfield v. United Technologies Corp.,* 678 F.Supp 973 (D. Conn. 1988) (motion *in limine* granted in age case challenging 1982 demotion; evidence excluded regarding two promotion denials and a demotion that occurred outside the statute of limitations between 1977 and 1981; time-barred events did not make the existence of discrimination in connection with 1982 claim more probable).[9]

Defendant anticipates that Plaintiff may contend that evidence of these time-barred events may nonetheless be admitted pursuant to *dicta* in *United Air Lines v.*

---

review, and Plaintiff's subsequent temporary improvement, are relevant to the issues of motive and the same-actor inference in this matter.  Defendant intends to introduce evidence regarding these issues and does not object to Plaintiff attempting to rebut these arguments.  Defendant's objection is to any claim that the PIP or performance evaluation are actionable adverse actions.

[9] The same is true for Plaintiff's remaining state law claim. In *Russell v. PBG Michigan LLC*, 2006 WL 1408400, *2 (Mich. Ct. App. May 23, 2006), the Michigan Court of Appeals did not consider evidence of a noose that occurred more than three years before Plaintiff filed her Complaint.  The court instead limited its examination of the evidentiary record to the one incident that was "arguably wrongful conduct" within the limitations period.  *See also Allen v. DaimlerChrysler Corp.,* 2006 WL 626239, *5 (Mich. Ct. App. Mar. 14, 2006)(refusing to consider alleged discriminatory comments made outside the limitations period); *Spink v. MacSteel Michigan*, 2005 WL 3500954, *2 (Mich. Ct. App. Dec. 22, 2005)("[A]ny acts alleged by plaintiff to have occurred outside the three-year limitations period may not be considered.").

*Evans*, 431 U.S. 553, 558 (1977) which states that time-barred evidence "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue."   As an initial matter, *Evans* indicates only that evidence "may" be admissible if it is "relevant" background evidence.  *Evans* therefore "does not compel the admission of [time-barred] evidence, but rather affords the "trial court discretion to decide whether such evidence is admissible under the ordinary evidentiary standards of probity and prejudice."  *Malarkey v. Texaco, Inc.*, 983 F.2d 1204, 1211 (2d Cir. 1993) (affirming exclusion of evidence of time-barred events at trial).

Applied in this case, the *Evans dicta* gives no aid to Plaintiff, because he cannot demonstrate that the time barred events have any appreciable links to his claim of wrongful termination, for none of the events above could contribute to his termination where they occurred years before.  Moreover, and unlike the factual context of the *Evans* decision, there is no admissible evidence demonstrating that the time-barred event was itself discriminatory.  The Court's *dicta* in *Evans* that a time-barred event may constitute relevant background evidence was written in the context of a case in which the discriminatory nature of the time-barred event was established.  That is not the case here, where the time-barred events are irrelevant and should be excluded.  *See Wingfield v. United Technologies Corp.,* 678 F.Supp 973 (D. Conn. 1988) (motion *in limine* granted in age case challenging 1982

demotion; evidence excluded regarding two promotion denials and a demotion that occurred outside the statute of limitations between 1977 and 1981; time-barred events did not make the existence of discrimination in connection with 1982 claim more probable). *See also Greenfield v. Sears, Roebuck and Co.,* 2006 WL 508655 at *5 (E.D. Mich. Mar. 2, 2006) (in age case brought under both federal and state law, alleged "discriminatory acts against Plaintiff occurring before [the statute of limitations period] are barred by the statute of limitations and those acts will not be viewed when considering the [motion for summary judgment]."); *Hill v. PBG Michigan LLC,* 2006 WL 2872581, *3 (Mich. Ct. App. Oct. 10, 2006) (rejecting effort to introduce time-barred evidence to support hostile work environment claim, finding that the trial court "correctly determined that any acts or events alleged by plaintiff to have occurred outside the three-year limitations period could not be considered.")

Additionally, even evidence which is marginally relevant must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the sole purpose of introducing evidence of time-barred events would be to prejudice Defendant and confuse the jury. "Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence

20

may influence a jury to return a verdict based on a desire to punish for the other wrongs." *Bhaya v Westinghouse Electric Corp*, 922 F2d 184, 188 (3rd Cir. 1990), *cert den*, 501 US 1217 (1991).   It would be inappropriate under these circumstances to admit evidence of time-barred events because the minimal probative value of such evidence would be substantially outweighed by the risk of unfair prejudice to Defendant as it might influence the jury to consider claims that are not actionable.

## CONCLUSION

WHEREFORE, Defendant respectfully prays that this Honorable Court grant its Motion *in Limine* and preclude Plaintiff from presenting the aforementioned evidence at trial.

Respectfully submitted,

/s/Megan P Norris
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan, 48226
313-963-6420
norris@millercanfield.com
P-39318

Dated: November 23, 2020

## CERTIFICATE OF SERVICE

21

I hereby certify that on November 23, 2020, I electronically filed the foregoing paper with the Clerk to the Court using the ECF system which will send notification of such filing.

/s/Megan P Norris
Miller, Canfield, Paddock and Stone, PLC
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, Michigan, 48226
313-963-6420
norris@millercanfield.com

36396945.9\136247-00002

22