

**Exhibit 4**

Founded in 1852
by Sidney Davy Miller

MEGAN P. NORRIS
TEL (313) 496-7594
FAX (313) 496-8453
E-MAIL norris@millercanfield.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Detroit
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati • Cleveland
CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

May 28, 2019

**BY EMAIL CARLA@AIKENSLAWFIRM.COM**

Carla D. Aikens, PC
615 Griswold, Suite 709
Detroit, MI 48226
844-835-2993
Carla@aikenslawfirm.com

     **Re:**    *Nielsen v Caudle - Plaintiff's Document Production*
              *Case No: 2:17-cv-13737*

Dear Ms. Aikens:

    As you know, Mr. Caudle was first noticed for deposition *duces tecum* on January 18, 2019. That deposition was postponed due to a settlement conference and thereafter, Mr. Caudle was re-noticed for deposition *duces tecum* on May 13, 2019. That deposition was cancelled by Mr. Caudle and he was re-noticed for deposition *duces tecum* on May 15, 2019. Despite the *duces tecum* requests, Mr. Caudle did not bring any documents with him to his deposition, and Defendant has not received any documents as of today's date. Please let us know immediately when we can expect to receive the documents requested in the deposition notice so that we do not have to file a motion to compel.

    At the May 15, 2019 deposition, Mr. Gallagher indicated that Mr. Caudle would not sign the social security or tax authorizations but said he (Gallagher) would send in the authorization for Mr. Caudle's social security records and provide us with his tax records. Please confirm that Mr. Caudle will provide us with responsive information (including tax records) and that Mr. Gallagher has submitted the authorization for the social security records thereby avoiding the need to file a motion to compel.

Page 1

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Carla Aikens                                  -2-                              May 28, 2019

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____
        Megan P. Norris

MPN/tjk

33708222.1\136247-00002

Page 2

**Pask, Jessica B.K.**

| | |
|---|---|
| **From:** | Pask, Jessica B.K. |
| **Sent:** | Wednesday, June 12, 2019 11:38 AM |
| **To:** | Allen, Deidri R.; carla@aikenslawfirm.com; 'Connor Gallagher' |
| **Cc:** | Kitz, Theresa J.; Norris, Megan P. |
| **Subject:** | RE: Nielsen v Caudle |
| **Attachments:** | 05-28-19 correspondence to Carla Aikens.pdf |
| | |
| **FilingDate:** | 6/12/2019 3:39:00 PM |

Good Morning:

We have not received a response to the letter of May 28, 2019, a copy of which is attached.  As you know, we have deadlines approaching, including our dispositive motion cutoff.  Please forward the requested documents immediately and confirm that you have requested Mr. Caudle's social security records (or are providing us a release to obtain same, on the Social Security Administration form we provided).  If we have not obtained the necessary documents and confirmation by June 17, we will have to file a motion to compel.

---

**From:** Allen, Deidri R.
**Sent:** Tuesday, May 28, 2019 5:19 PM
**To:** carla@aikenslawfirm.com
**Cc:** Kitz, Theresa J.; Norris, Megan P.; Pask, Jessica B.K.
**Subject:** Nielsen v Caudle

Good Afternoon:

Attached is correspondence addressed to Carla Aikens as well as a Verification relating to the above-referenced matter.

Thank you,

Dee Allen, Assisting Megan Norris

Page 3

1

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

MICHIGAN: Ann Arbor
Detroit ● Grand Rapids
Kalamazoo ● Lansing ● Troy

ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati ● Cleveland

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw ● Wrocław

MEGAN P. NORRIS
TEL (313) 496-7594
FAX (313) 496-8453
E-MAIL norris@millercanfield.com

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

June 20, 2019

**BY EMAIL AND MAIL (CARLA@AIKENSLAWFIRM.COM AND
CONNOR@AIKENSLAWFIRM.COM)**

Carla D. Aikens, PC
615 Griswold, Suite 709
Detroit, MI 48226
844-835-2993
Carla@aikenslawfirm.com
Connor@aikenslawfirm.com

> **Re:** *Nielsen v Caudle - Plaintiff's Document Production*
> **Case No: 2:17-cv-13737**

Dear Ms. Aikens and Mr. Gallagher:

On May 28, 2019, you were sent a letter by email asking that you please confirm Mr. Gallagher's representations made to us on May 15, 2019 that Mr. Caudle will provide us with responsive information to our *duces tecum* document requests (including tax records) and that Mr. Gallagher would submit the authorization for Mr. Caudle's social security records or provide us with a signed release to obtain the same. We did not receive a response to this letter or the requested information or documents.

On June 12, 2019, you were sent an email indicating that we had not received a response to our May 28, 2019 letter (which was attached). That email requested again that you please forward the requested documents immediately and confirm that you have requested Mr. Caudle's social security records (or are providing us a release to obtain same, on the Social Security Administration form we provided). We asked for these documents and confirmation prior to June 17, 2019, so as to avoid the need to file a Motion to Compel. We did not receive a response to that email or the requested information or documents.

We are requesting for a final time that you please provide us with the requested information. If we do not have the documents and the social security administration release (or confirmation that these have been requested), we will be filing a Motion to Compel on June 24, 2019 and seek sanctions.

Page 4

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

Carla Aikens & Connor Gallagher                    -2-                                        June 20, 2019

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/Megan Norris_____
        Megan P. Norris

MPN/tjk

33870818.1\136247-00002

Page 5

## Pask, Jessica B.K.

| | |
|---|---|
| **From:** | Norris, Megan P. |
| **Sent:** | Thursday, June 20, 2019 4:23 PM |
| **To:** | Carla Aikens; Pask, Jessica B.K. |
| **Cc:** | Connor Gallagher |
| **Subject:** | RE: Nielsen v Caudle [MCPS-ACTIVE.FID1775804] |

Carla,

We were not aware that Mr. Caudle was in the hospital. As indicated in my letters, we have not had any response to my communications. If you are confident that Mr. Caudle will produce the requested documents after he is released, we can wait for that. We did not understand why he did not produce them at his deposition as required, and why we did not get any response when we followed up. We do need an answer regarding the social security records. We asked Mr. Caudle to sign that authorization at his deposition, and Connor asked if it was okay if you get the records and provide them to us instead of having us get them. We said yes, but we do not know if you have requested the records.

We will not concur in having the subpoenas quashed. As you may or may not know, the service that many of us use to subpoena our records went out of business suddenly. We obtained the authorizations from your client within the statute of limitations and then attempted to get the records as quickly as possible. If you bring a motion, we will explain that to the court. I do not believe we will be penalized for having a records company go out of business. We have no objection to providing you with any documents received.

Megan

**From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
**Sent:** Thursday, June 20, 2019 4:06 PM
**To:** Pask, Jessica B.K.
**Cc:** Connor Gallagher; Kitz, Theresa J.; Norris, Megan P.; Willis, Heather Marie
**Subject:** Re: Nielsen v Caudle

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

I thought we had advised that Mr. Caudle is in the hospital and was not sure when he would be released. I don't see that that email sent, but that was the situation. We reached out to him the same day that you emailed the first time.

We spoke with him again today and he is still in the hospital. He said he can try to have a family member retrieve the documents but that's the best he can do at this point since he is not likely to be discharged before the deadline you have proposed.

On another note, we received subpoenas in the mail that were served after the close of discovery. I am seeking concurrence regarding those before we ask the court to quash them and I am also requesting that you: 1) provide us with any documents received, and 2) agree not to use any documents obtained after discovery closed.

Please advise.

Carla D. Aikens, Esq.
844.835.2993 ext. 1



On Thu, Jun 20, 2019, 11:33 AM Pask, Jessica B.K. <Pask@millercanfield.com> wrote:

Good afternoon,

Please find attached correspondence following-up on the email below,

Jessica

---

**From:** Pask, Jessica B.K.
**Sent:** Wednesday, June 12, 2019 11:38 AM
**To:** Allen, Deidri R.; carla@aikenslawfirm.com; 'Connor Gallagher'
**Cc:** Kitz, Theresa J.; Norris, Megan P.
**Subject:** RE: Nielsen v Caudle

Good Morning:

We have not received a response to the letter of May 28, 2019, a copy of which is attached.  As you know, we have deadlines approaching, including our dispositive motion cutoff.  Please forward the requested documents immediately and confirm that you have requested Mr. Caudle's social security records (or are providing us a release to obtain same, on the Social Security Administration form we provided).  If we have not obtained the necessary documents and confirmation by June 17, we will have to file a motion to compel.

---

**From:** Allen, Deidri R.
**Sent:** Tuesday, May 28, 2019 5:19 PM
**To:** carla@aikenslawfirm.com
**Cc:** Kitz, Theresa J.; Norris, Megan P.; Pask, Jessica B.K.
**Subject:** Nielsen v Caudle

Good Afternoon:

Attached is correspondence addressed to Carla Aikens as well as a Verification relating to the above-referenced matter.

Page 7

Thank you,


Dee Allen, Assisting Megan Norris

**Pask, Jessica B.K.**

| | |
|---|---|
| **From:** | Carla Aikens <carla@aikenslawfirm.com> |
| **Sent:** | Thursday, July 18, 2019 7:00 PM |
| **To:** | Norris, Megan P. |
| **Cc:** | Connor Gallagher; Pask, Jessica B.K. |
| **Subject:** | Re: Plaintiff's Deposition Transcript [MCPS-ACTIVE.FID1775804] |

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

I wouldn't attempt to shorten your reply time. Thanks.

I'm not sure how you can provide half of the transcript and think that gives full context. But we have his transcript and will include it.

I'm nor sure what you mean by "consistently hospitalized." He was in there during the times we discussed this. I have not spoken back to him since he was last still in the hospital, nor do I know if he is now in or out.

I will reach back out to him. His social security records request was sent, as we previously advised, and no records have yet been received. I offered to have them obtained by a family member and you said you would wait until he got out of the hospital. I will see if he has been discharged.

On another note, did you send us the documents from the subpoenas sent after the close of discovery?

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Thu, Jul 18, 2019, 12:01 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

Connor and Carla,

We have no objection to you taking an extension of one week to file your response brief, provided that it is approved by the Court and we get our full time to file our reply brief.

Fed. R. Civ. P. 32(a)(6) does not require that we provide you with a complete copy of Plaintiff's deposition. It requires that if you believe additional pages are needed to fairly interpret the parts that we have already introduced, you can require that we introduce them, or you can use them in your brief. Judge Goldsmith's rules similarly require that we include pages which are necessary to read our citations in context. We believe we have done that, but if you think that additional pages are necessary you can let us know which ones and we will introduce them as required by the rule.

Finally, we still have not received any of the documents we have requested. We first requested the documents in our *duces tecum* deposition notice on December 19, 2018, requested them again in our re-notice on April 23, 2019, did not receive them when Mr. Caudle was finally deposed on May 15, 2019, and did not receive them in response to our letters

1

of May 28 or June 20, 2019.  We understand that your client has medical issues, but it is not our understanding that he has been consistently hospitalized except when he appeared for his deposition.  Please let us know immediately when we can expect to receive his documents, as we may need to file a motion to compel and ask for an extension on our reply brief if we do not have them.  We understand that you have no control over the social security records and ask only that you provide them as soon as you receive them.

If you need me to sign a stipulation regarding the extension, just send it over.  I have several meetings this afternoon but should be able to review it and return it today.

Megan

**From:** Connor Gallagher [mailto:connor@aikenslawfirm.com]
**Sent:** Thursday, July 18, 2019 8:45 AM
**To:** Norris, Megan P.
**Subject:** Plaintiff's Deposition Transcript

---

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

Megan,

I hope this message finds you well.  I noticed your exhibit attached to your motion in reference to Plaintiff's deposition was only a partial transcript.  Would you please send me the complete transcript pursuant to FRCP 32(a)(6).  Thank you in advance.

Best Regards,

--

Connor B. Gallagher, Esq. (Licensed in Michigan)
Carla D. Aikens, P.C.
615 Griswold Street, Suite 709
Detroit, MI 48226
844.835.2993 ext. 2
Fax: 877.454.1680
Connor@aikenslawfirm.com

Page 10

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy

ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati • Cleveland

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

MEGAN P. NORRIS
TEL (313) 496-7594
FAX (313) 496-8453
E-MAIL norris@millercanfield.com

August 28, 2019

**VIA EMAIL CARLA@AIKENSLAWFIRM.COM**

Carla D. Aikens, PC
615 Griswold, Suite 709
Detroit, MI 48226

> **Re:   *David Caudle v The Nielsen Company (US), LLC***

Dear Ms. Aikens:

In an e-mail exchange we had earlier today regarding your stated refusal to produce documents in another matter, I again noted that we have not received any documents as requested from David Caudle. You responded, "If you are requesting something from Mr. Caudle or have a discovery issue, please send in a separate email."

Yes, we are requesting something from Mr. Caudle, and yes, we have a discovery issue.

On December 19, 2018, we sent you a Notice of Deposition, scheduling Mr. Caudle's deposition for January 18, 2019 – 30 days later. That deposition notice included a document production request, as is both allowed and anticipated by Fed. R. Civ. P. 30(b)(2), which states, "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Mr. Caudle was a party deponent, we requested that he produced documents at the deposition, and we gave him the time allotted by Rule 34. We re-iterated this request in our re-notice of deposition on April 23, 2019.

As you know, Mr. Caudle was ultimately not deposed until May 15, 2019. He did not produce any documents at his deposition. I raised this with Mr. Gallagher at the time, and he said he would get the documents and produce them.

On May 28, 2019, I sent you a letter noting the above, and that we had not received any documents yet, and asked you to let us know immediately when we could expect to receive the requested documents so that we would not have to file a motion to compel. You did not respond in any way.

On June 12, 2019, I sent a follow-up e-mail and again asked that you forward the requested documents, indicating that if we did not have them by June 17 – more than a month

Page 11

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Carla Aikens & Connor Gallagher                    -2-                    August 28, 2019

after Mr. Caudle's deposition and 6 months after the documents were first requested – we would have to file a motion to compel.

You responded on June 14, 2019 that your assistant had gone on maternity leave and you were "trying to see where we were with this before she left."  Then, on June 20, 2019, you wrote:

> I thought we had advised that Mr. Caudle is in the hospital and was not sure when he would be released.  I don't see that that email sent, but that was the situation.  We reached out to him the same day that you emailed the first time.  We spoke with him again today and he is still in the hospital.  He said he can try to have a family member retrieve the documents but that's the best he can do at this point since he is not likely to be discharged before the deadline you have proposed.

I immediately wrote back indicating that we were not aware that Mr. Caudle was in the hospital, we had not had any response to my communications, but that if you were confident that Mr. Caudle would produce the requested documents after he was released, we would wait for that.

We have not heard from you regarding the documents since that time.  On July 18, 2019, I again e-mailed you, reciting our previous requests and your lack of response.  "We understand that your client has medical issues, but it is not our understanding that he has been consistently hospitalized except when he appeared for his deposition.  Please let us know immediately when we can expect to receive his documents, as we may need to file a motion to compel and ask for an extension on our reply brief if we do not have them."  You responded that day that you had not recently spoken to Mr. Caudle, did not know whether he was in or out of the hospital, but would reach back out to him.

So needless to say, it is somewhat disconcerting that today you wrote, "if you are requesting something from Mr. Caudle or are having a discovery issue …"

We are requesting that you immediately produce the documents that were originally requested on December 19, 2018, and that you produce Mr. Caudle's complete Social Security Records as soon as you receive them.

Page 12

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**

Carla Aikens & Connor Gallagher                -3-                                August 28, 2019

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/Megan Norris_____
        Megan P. Norris

34314645.1\136247-00002

Page 13

**Pask, Jessica B.K.**

| | |
|---|---|
| **From:** | Carla Aikens <carla@aikenslawfirm.com> |
| **Sent:** | Wednesday, August 28, 2019 5:50 PM |
| **To:** | Norris, Megan P. |
| **Cc:** | Pask, Jessica B.K. |
| **Subject:** | Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804] |

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

We don't have any social security records. As advised previously, the authorization was sent.

I went through your notice as well as your discovery requests and the deposition transcript. I don't see where anyone verified which documents he actually has, but as I said, we will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:45 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

I believe, based on yours and Mr. Gallagher's representations, that you have had Mr. Caudle authorize the release of his Social Security Records, which is all that we have asked you to do on that front.  If you have received the records, they should be produced.  But if you have not, we understand that was not in your control.

The requested documents are the ones that were included in our deposition notices for Mr. Caudle's deposition, as outlined in my letter.  Mr. Caudle did not produce any documents at his deposition, and you have not produced any documents at any time.

Thank you for following up.

---

**From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
**Sent:** Wednesday, August 28, 2019 5:33 PM
**To:** Norris, Megan P.
**Cc:** Pask, Jessica B.K.; Connor Gallagher; Katarzyna Pazik (katarzyna@aikenslawfirm.com)
**Subject:** Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804]

**CAUTION EXTERNAL EMAIL:** DO NOT open attachments or click links from unknown or unexpected emails.

# Page 14

1

I have to go back through emails to see what documents he has and/or that we were referencing as would be produced. There was the issue of the social security records and then some other documents I offered to have his brother retrieve while he was hospitalized and you said you could wait until he got out, but I don't recall the actual documents.

We will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:28 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

Yes, I still need his Social Security Records.

But I also need all of the documents we requested in his deposition notice.  We never received any of them.  They are in his possession, we requested them last December, you never filed any objections, we are allowed to request documents under the rule, Connor said you would produce them, and in your e-mails you repeatedly said you would produce them.

**From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
**Sent:** Wednesday, August 28, 2019 5:26 PM
**To:** Norris, Megan P.
**Cc:** Pask, Jessica B.K.; Connor Gallagher; Katarzyna Pazik (katarzyna@aikenslawfirm.com)
**Subject:** Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804]

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

I'm not sure what the purpose of your letter is but the purpose of my response was that if you're requesting anything at all on his case, send me a separate email. If you wrote/billed all this to say that you still need his social security records, I will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:21 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

Ms. Aikens,

# Page 15

2

Please see the attached.

_____

**Megan P. Norris** | Chair, Labor & Employment Law Group

**Miller Canfield**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226 (USA)

**T** +1.313.496.7594 | **F** +1.313.496.8453

norris@millercanfield.com | View Profile + VCard
_____

**Error! Filename not specified.**

This electronic message and all of its contents and attachments contain information from the law firm of Miller, Canfield, Paddock and Stone, P.L.C. which may be privileged, confidential or otherwise protected from disclosure.  The information is intended to be for the addressee only.  If you are not the addressee, then any disclosure, copying, distribution or use of this message, or its contents or any of its attachments, is prohibited.  If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.

Page 16

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

MICHIGAN: Ann Arbor
Detroit ● Grand Rapids
Kalamazoo ● Lansing ● Troy

ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati ● Cleveland

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw ● Wrocław

**MEGAN P. NORRIS**
**TEL (313) 496-7594**
**FAX (313) 496-8453**
**E-MAIL norris@millercanfield.com**

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

April 2, 2020

**VIA EMAIL CARLA@AIKENSLAWFIRM.COM**

Carla D. Aikens, PC
615 Griswold, Suite 709
Detroit, MI  48226

*Re:*   *David Caudle v The Nielsen Company (US), LLC*

Dear Ms. Aikens:

We are reaching out to resolve outstanding discovery issues in light of the Court's recent Order on Defendant's Motion for Summary Judgment issued on March 31, 2020.

As you know based on prior exchanges, Plaintiff has outstanding discovery to produce to Defendant. To date, Plaintiff has not produced any documents in response to Defendant's discovery requests attached to Plaintiff's Notice of Deposition.[1] Notices with identical *duces tecum* requests were issued on December 19, 2018, and April 23, 2019, and Mr. Caudle was deposed until May 15, 2019.  Despite having almost five months to respond, he did not produce any documents at his deposition.  We raised this with Mr. Gallagher at the time, and he said he would get the documents and produce them.

In addition to the document requests, we requested that Plaintiff sign authorizations at his May 15, 2019 deposition.  Mr. Gallagher indicated that Mr. Caudle would not sign the social security or tax authorizations but said he (Mr. Gallagher) would send in the authorization for Mr. Caudle's social security records and provide us with his tax records.

On May 28, 2019, June 12, 2019, July 18, 2019, and August 28, 2019, we raised the discovery issues by letter and email, stating that we would like to avoid the need to file a Motion to Compel.  You did not respond to the letter sent on May 28, 2019.  In response to the June 12, 2019 email, you indicated on June 20, 2019 that Mr. Caudle was in the hospital and was unlikely to be able to respond to the discovery requests within the time we suggested.  We immediately wrote back indicating that we were not aware that Mr. Caudle was in the hospital, but that if you were confident that Mr. Caudle would produce the requested documents after he was released, we would wait for that.  Having not heard from you by July 18, 2019, we again requested an

---

[1] The Notices have been attached hereto for your convenience.

Page 17

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Carla Aikens & Connor Gallagher                -2-                          April 2, 2020

update on the status of Mr. Caudle's discovery efforts.  You responded that day that you had not recently spoken to Mr. Caudle, did not know whether he was in or out of the hospital, but would reach back out to him.   We did not hear back from you after that time.

On August 28, 2019, we sent a letter detailing our efforts to collect outstanding discovery from Mr. Caudle. You responded that day indicating that you would follow up with Mr. Caudle to determine the status of his efforts to gather discovery and the status of his social security records.  We have not heard back since.

We are hoping to resolve this issue as quickly as possible now that the dispositive motion has been decided.  We understand that Mr. Caudle has been ill on and off over the past year and a half but we believe that we are entitled to the documents requested.  If you feel it would be beneficial, we are happy to discuss these issues with a special master either appointed by the Court or mutually selected.  We are open to using Daniel Rustmann as a discovery master again if you would like to go that route.  Please let us know your preference for moving forward.  If we do not resolve this soon, we will have to raise it with the Court.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/Megan Norris_____

Page 18

Founded in 1852
by Sidney Davy Miller

# MILLER CANFIELD

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy

FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York

Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

MEGAN P. NORRIS
TEL (313) 496-7594
FAX (313) 496-8453
E-MAIL norris@millercanfield.com

December 19, 2018

**VIA E-MAIL AND U.S. MAIL**

Carla D. Aikens, Esq.
Carla D. Aikens, P.C.
615 Griswold, Suite 709
Detroit, Michigan 48226
carla@aikenslawfirm.com

> Re:   David Caudle v. The Nielsen Company (US), LLC

Dear Ms. Aikens:

Enclosed please find Defendant's Notice of Taking Deposition Duces Tecum of Plaintiff, David Caudle.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____

Terri Kitz
Assistant to Megan P. Norris

MPN

31691805.1\136247-00002

Page 19

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

     Plaintiff,

                                   Case No. 2:17-cv-13737

v.

                                   Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

     Defendant.

---

| CARLA D. AIKENS, P.C. | MILLER, CANFIELD, PADDOCK AND |
|---|---|
| CARLA D. AIKENS  (P-69530) | STONE, P.L.C. |
| Attorney for Plaintiff | MEGAN P. NORRIS  (P-39318) |
| 615 Griswold, Suite 709 | JESSICA B.K. PASK (P-82212) |
| Detroit, Michigan  48226 | Attorneys for Defendant |
| carla@aikenslawfirm.com | 150 West Jefferson, Suite 2500 |
| | Detroit, Michigan  48226 |
| | (313) 963-6420 |
| | norris@millercanfield.com |

---

### DEFENDANT, NIELSEN HOLDINGS, P.L.C.'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF PLAINTIFF, DAVID CAUDLE

**PLEASE TAKE NOTICE** that the duces tecum deposition of Plaintiff, David Caudle, will be taken pursuant to the applicable court rules, before a duly authorized and qualified notary and stenographer, at **CARLA D. AIKENS, P.C. located at 615 Griswold, Suite 709, Detroit, Michigan on FRIDAY, January 18, 2019 at 10:00 a.m.** and continuing thereafter day-to-day if necessary.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff is directed to bring to the deposition the following documents:

1.      Each document and record Plaintiff will or may use in support of his allegations in this lawsuit.

2.      A copy of all records, correspondence, memos, evaluations, appraisals, or any other document, book, pamphlet, writing or communication received by David Caudle from anyone at The Nielsen Company (US), L.L.C.

3.      A copy of all records, correspondence, memos, or any other document, book, pamphlet, writing or communication sent by Plaintiff to anyone at The Nielsen Company (US), L.L.C.

4.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records reflecting, establishing or documenting any medical treatment, including psychiatric or psychological treatment, David Caudle received from 2008 to the present.

5.      All notes, bills, writings, receipts, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other records reflecting, establishing, or documenting out-of-pocket expenses and the amount of any other damages Plaintiff has allegedly incurred as the result of the acts complained of in his Complaint.

6.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other recordings documenting, memorializing, reflecting or concerning any conversations between David Caudle and any employee or agent of The Nielsen Company (US), L.L.C.

7.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other recordings documenting, memorializing, reflecting or concerning all positions, jobs or places of employment that Plaintiff has applied since January 1,

Page 21

2

2013, including, but not limited to, all notes, writings, memoranda, correspondence or other documentary evidence that he received in response to these applications or requests for employment.

8.     Any documents relating to any charge, complaint or grievance filed by David Caudle, or on his behalf, with any agency, including, but not limited to, the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission.

9.     All federal, state and local income tax returns, including W-2 forms, filed by Plaintiff for 2013, 2014, 2015, 2016 and 2017.

10.     All evidence of earnings or income of any kind, including paychecks, pay stubs and deposit slips, for the period from January 1, 2012 to the present.

11.     All employee handbooks, written contracts, policy statements, and records or other documents which describe David Caudle's terms and conditions of employment and fringe benefits while employed by The Nielsen Company (US), L.L.C.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Megan P. Norris (P39318)
Jessica B.K. Pask (P82212)


By: _____
Jessica B.K. Pask
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
pask@millercanfield.com

Dated: December 19, 2018

Page 22

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendant's Notice of Taking Deposition Duces Tecum of Plaintiff, David Caudle, was served on the following individual, by email and enclosing same in a sealed envelope addressed to the individual, with first-class postage fully prepaid thereon, and depositing same in the U.S. Mail on December 19, 2018:

> Carla D. Aikens, Esq.
> Carla D. Aikens, P.C.
> 615 Griswold, Suite 709
> Detroit, Michigan  48226
> carla@aikenslawfirm.com

Theresa J. Kitz

32637877.1\136247-00002

Page 23

4

Founded in 1852
by Sidney Davy Miller



MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy

ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati • Cleveland

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

JESSICA B.K. PASK
TEL (313) 496-7815
FAX (313) 496-7500
E-MAIL pask@millercanfield.com

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

April 23, 2019

**VIA EMAIL AND MAIL TO CONNOR@AIKENSLAWFIRM.COM AND
KATARZYNA@AIKENSLAWFIRM.COM**

Connor Gallagher
Attorneys for Plaintiff
614 Griswald St., Ste. 709
Detroit, MI 48226
connor@aikenslawfirm.com

   Re:  Deposition Notice for Plaintiff David Caudle
       Case No: 17-cv-13737

Dear: Mr. Gallagher,

   Enclosed please find Defendant, Nielsen Company LLC's Re-Notice of Taking Deposition *Duces Tecum* of Plaintiff, David Caudle on May 13, 2019 beginning at 10 A.M.

         Very truly yours,

         Miller, Canfield, Paddock and Stone, P.L.C.

         By: /s/Jessica Pask
           Jessica B.K. Pask

JBKP/tjk

33496766.1\136247-00002

Page 24

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

       Plaintiff,

                             Case No. 2:17-cv-13737

v.

                             Hon. Mark A. Goldsmith

THE NIELSEN COMPANY (US), LLC,

       Defendant.

_____

| | |
|---|---|
| CARLA D. AIKENS, P.C. | MILLER, CANFIELD, PADDOCK AND |
| CONNOR GALLAGHER (P-82104) | STONE, P.L.C. |
| CARLA D. AIKENS  (P-69530) | MEGAN P. NORRIS  (P-39318) |
| Attorney for Plaintiff | JESSICA B.K. PASK (P-82212) |
| 615 Griswold, Suite 709 | Attorneys for Defendant |
| Detroit, Michigan  48226 | 150 West Jefferson, Suite 2500 |
| carla@aikenslawfirm.com | Detroit, Michigan  48226 |
| connor@aikenslawfirm.com | (313) 963-6420 |
| | norris@millercanfield.com |
| | pask@millercanfield.com |

_____

**DEFENDANT, NIELSEN COMPANY LLC'S, RE-NOTICE OF TAKING
DEPOSITION *DUCES TECUM* OF PLAINTIFF, DAVID CAUDLE**

    **PLEASE TAKE NOTICE** that the *duces tecum* deposition of Plaintiff, David Caudle, will be taken pursuant to the applicable court rules, before a duly authorized and qualified notary and stenographer, at **CARLA D. AIKENS, P.C. located at 615 Griswold, Suite 709, Detroit, Michigan on Monday, May 13, 2019 at 10:00 a.m.** and continuing thereafter day-to-day if necessary.

    **PLEASE TAKE FURTHER NOTICE** that Plaintiff is directed to bring to the deposition the following documents:

Page 25

1.      Each document and record Plaintiff will or may use in support of his allegations in this lawsuit.

2.      A copy of all records, correspondence, memos, evaluations, appraisals, or any other document, book, pamphlet, writing or communication received by David Caudle from anyone at the Nielsen Company (US), L.L.C.

3.      A copy of all records, correspondence, memos, or any other document, book, pamphlet, writing or communication sent by Plaintiff to anyone at the Nielsen Company (US), L.L.C.

4.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence, or other records reflecting, establishing or documenting any medical treatment, including psychiatric or psychological treatment, David Caudle received from 2008 to the present.

5.      All notes, bills, writings, receipts, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other records reflecting, establishing, or documenting out-of-pocket expenses and the amount of any other damages Plaintiff has allegedly incurred as the result of the acts complained of in his Complaint.

6.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other recordings documenting, memorializing, reflecting or concerning any conversations between David Caudle and any employee or agent of the Nielsen Company (US), L.L.C.

7.      All notes, writings, memoranda, correspondence, tape recordings, videotapes, calendars, documentary evidence or other recordings documenting, memorializing, reflecting or concerning all positions, jobs or places of employment that Plaintiff has applied since January 1,

Page 26

2

2013, including, but not limited to, all notes, writings, memoranda, correspondence or other documentary evidence that he received in response to these applications or requests for employment.

8.      Any documents relating to any charge, complaint or grievance filed by David Caudle, or on his behalf, with any agency, including, but not limited to, the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission.

9.      All federal, state and local income tax returns, including W-2 forms, filed by Plaintiff for 2013, 2014, 2015, 2016, 2017, and 2018.

10.      All evidence of earnings or income of any kind, including paychecks, pay stubs and deposit slips, for the period from January 1, 2012 to the present.

11.      All employee handbooks, written contracts, policy statements, and records or other documents which describe David Caudle's terms and conditions of employment and fringe benefits while employed by the Nielsen Company (US), L.L.C.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Megan P. Norris (P39318)
Jessica B.K. Pask (P82212)


By: ___/s/ Jessica Pask_____
Jessica B.K. Pask
Attorneys for Defendant
150 West Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
pask@millercanfield.com

Dated:  April 23, 2019

Page 27

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendant's Re-Notice of Taking Deposition *Duces Tecum* of Plaintiff, David Caudle, was served on the following individual, by email and enclosing same in a sealed envelope addressed to the individual, with first-class postage fully prepaid thereon, and depositing same in the U.S. Mail on April 23, 2019:

> Connor Gallagher
> 615 Griswold, Suite 709
> Detroit, Michigan  48226
> connor@aikenslawfirm.com

/s/ Jessica Pask_____

33496562.1\136247-00002

Page 28

4

**Pask, Jessica B.K.**

| | |
|---|---|
| **From:** | Carla Aikens <carla@aikenslawfirm.com> |
| **Sent:** | Thursday, April 2, 2020 12:00 PM |
| **To:** | Pask, Jessica B.K. |
| **Cc:** | Norris, Megan P.; Katarzyna Pazik; Connor Gallagher; Willis, Heather Marie |
| **Subject:** | Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804] |

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

Megan,

I think you need to schedule a call with the court if you need anything beyond the W2s my assistant just sent, which I'm sending because I I didn't realize you hadn't received them before and I'm hoping this will aid in resolution of this case.  The IRS never provided us with any documents and I'm guessing that they might be a little busier than usual right now. Other than that, it isn't clear what else you think you might need.

Besides the fact that discovery has been closed for a very long time, I think asking someone with sickle cell anemia to focus on getting you some documents you think you need when there's a health pandemic is not what anyone should be doing right now.

How do you even propose that he or we would get anything from him that he physically has in his possession?

Let me know what the court says about setting up a  time to discuss.


Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Thu, Apr 2, 2020, 9:53 AM Pask, Jessica B.K. <Pask@millercanfield.com> wrote:

> Good Morning Ms. Aikens,
>
>
> Please find attached a letter from Ms. Norris regarding discovery in the Caudle v. Nielsen matter. Please let us know your response at your earliest convenience. In the meantime, we hope you and your office are staying safe,
>
>
> Jessica
>
> _____
>
> **From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
> **Sent:** Wednesday, August 28, 2019 5:50 PM
> **To:** Norris, Megan P.
> **Cc:** Pask, Jessica B.K.
> **Subject:** Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804]

Page 29

1

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

We don't have any social security records. As advised previously, the authorization was sent.

I went through your notice as well as your discovery requests and the deposition transcript. I don't see where anyone verified which documents he actually has, but as I said, we will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:45 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

I believe, based on yours and Mr. Gallagher's representations, that you have had Mr. Caudle authorize the release of his Social Security Records, which is all that we have asked you to do on that front.  If you have received the records, they should be produced.  But if you have not, we understand that was not in your control.

The requested documents are the ones that were included in our deposition notices for Mr. Caudle's deposition, as outlined in my letter.  Mr. Caudle did not produce any documents at his deposition, and you have not produced any documents at any time.

Thank you for following up.

**From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
**Sent:** Wednesday, August 28, 2019 5:33 PM
**To:** Norris, Megan P.
**Cc:** Pask, Jessica B.K.; Connor Gallagher; Katarzyna Pazik (katarzyna@aikenslawfirm.com)
**Subject:** Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804]

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

Page 30

I have to go back through emails to see what documents he has and/or that we were referencing as would be produced. There was the issue of the social security records and then some other documents I offered to have his brother retrieve while he was hospitalized and you said you could wait until he got out, but I don't recall the actual documents.

We will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:28 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

Yes, I still need his Social Security Records.

But I also need all of the documents we requested in his deposition notice.  We never received any of them.  They are in his possession, we requested them last December, you never filed any objections, we are allowed to request documents under the rule, Connor said you would produce them, and in your e-mails you repeatedly said you would produce them.

**From:** Carla Aikens [mailto:carla@aikenslawfirm.com]
**Sent:** Wednesday, August 28, 2019 5:26 PM
**To:** Norris, Megan P.
**Cc:** Pask, Jessica B.K.; Connor Gallagher; Katarzyna Pazik (katarzyna@aikenslawfirm.com)
**Subject:** Re: Caudle v Nielsen [MCPS-ACTIVE.FID1775804]

CAUTION EXTERNAL EMAIL: DO NOT open attachments or click links from unknown or unexpected emails.

I'm not sure what the purpose of your letter is but the purpose of my response was that if you're requesting anything at all on his case, send me a separate email. If you wrote/billed all this to say that you still need his social security records, I will follow up with him.

Carla D. Aikens, Esq.
844.835.2993 ext. 1

On Wed, Aug 28, 2019, 4:21 PM Norris, Megan P. <Norris@millercanfield.com> wrote:

Ms. Aikens,



Please see the attached.

_____

**Megan P. Norris** | Chair, Labor & Employment Law Group

**Miller Canfield**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226 (USA)

**T** +1.313.496.7594 | **F** +1.313.496.8453

norris@millercanfield.com | View Profile + VCard
_____

**Error! Filename not specified.**

This electronic message and all of its contents and attachments contain information from the law firm of Miller, Canfield, Paddock and Stone, P.L.C. which may be privileged, confidential or otherwise protected from disclosure.  The information is intended to be for the addressee only.  If you are not the addressee, then any disclosure, copying, distribution or use of this message, or its contents or any of its attachments, is prohibited.  If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.

Page 32