Exhibit 5

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID CAUDLE, <br><br> PLAINTIFF, <br><br> v. <br><br> THE NIELSEN COMPANY (US), LLC, <br><br> DEFENDANT. | CASE NO: 2:17-cv-13737 <br><br> HON. MARK A. GOLDSMITH <br><br> **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** |

| | |
|---|---|
| CARLA D. AIKENS, P.C. <br> CARLA D. AIKENS (P69530) <br> CONNOR B. GALLAGHER (P82104) <br> *Attorneys for Plaintiff* <br> 615 Griswold Street, Suite 709 <br> Detroit, Michigan 48226 <br> carla@aikenslawfirm.com <br> connor@aikenslawfirm.com <br> Phone: (844) 835-2993 <br> Fax: (877) 454-1680 | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. <br> MEGAN NORRIS (P39318) <br> *Attorney for Defendant* <br> 150 West Jefferson, Suite 2500 <br> Detroit, MI 48226 <br> norris@millercanfield.com <br> Phone: (313) 963-6420 |

## PLAINTIFF'S INITIAL DISCLOSURES
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, DAVID CAUDLE, hereby submits his initial disclosures. These initial disclosures are based on the information reasonably available to Plaintiff at this time, and are made without waiving any objections as to relevance, materiality or admissibility of evidence in the action. Plaintiff reserves the right to revise, correct, supplement or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

**1.    Individuals**

The following individuals are likely to have discoverable information that Plaintiff may use to support his claims in this action:

i. Plaintiff David Caudle

ii. Ryan Dinsmore

iii. James Hardy

iv. "Brian" who filled in for Plaintiff while Plaintiff was on FMLA leave

v. Beth Rusanchin

vi. John Rusanchin

vii. Ann Cardaja

viii. George Cushenberry

ix. Renie Jihad

x. High ranking officials of Defendant who received an email from Ms. Rusanchin

xi. Unidentified Representative of Human Resources

xii. Current or former employees of Defendant who have knowledge regarding Plaintiff's work performance.

xiii. Customers and former customers of Defendant that Plaintiff have knowledge of Plaintiff's work performance and allegations contained in his Complaint.

xiv. All persons identified in any of Defendant's Initial disclosures.

xv. All persons identified by any party in response to any written discovery.

xvi. All persons identified by any party or third-party witness in deposition.

xvii. All expert witnesses designated by any party.

Plaintiff anticipates that, in addition to their testimony in response to and/or concerning Plaintiff's Complaint allegations generally, the above witnesses may testify concerning Plaintiff's employment and duties, his Complaint allegations, policies and procedures of the workplace, Plaintiff's work performance, their observations concerning Plaintiff and Plaintiff's work, the Company's verbal and written notifications to Plaintiff placing him on notice that the Company was not satisfied with his performance, Plaintiff's termination of employment and related matters concerning Plaintiff and his claims.

In addition, Plaintiff anticipates that other, unknown individuals may have discoverable information that Plaintiff may use to support his claims. Plaintiff incorporates by reference any other individuals disclosed by other parties in this matter and reserves the right to supplement this disclosure pursuant to Federal Rule of Civil Procedure 26(e).]

Plaintiff also reserves the right to obtain discovery in support of his claims from any witness identified in any other party's Rule 26(a)(1) disclosure.

**2.    Documents**

Plaintiff submits the following description of documents, electronically stored information or tangible things in his personal possession, custody or control that he may use to support his claims:

    i.    Complete employee file of Plaintiff
    ii.    Performance evaluations of Plaintiff
    iii.    E-mails done in the course of business which are relevant to Plaintiff's claims
    iv.    Plaintiff references any and all documents produced or to be produced by Defendant.

  v.  Discovery continues and subsequent relevant documents may be produced by Plaintiff, Defendant or both.

  vi.  Plaintiff requests copies of any and all relevant documents Defendant has in its possession or has obtained by subpoena/authorization/voluntary production.

  vii.  Any and all documents identified by Defendant.

**3.**   **Computation of Damages**

Plaintiff has suffered the following damages:

  i.  Wage Loss:  $ 140,000
- $ 70,000 (per year salary after bonuses) * 2 (years since termination) = $ 140,000

  ii.  Medical Bills and Expenses:  $ 20,000
  iii.  Reimbursement of 401k:  $ 16,000
  iv.  Reimbursement of wedding losses:  $ 15,000
  v.  Rental Car Costs:  $ 4,050
- $ 225/week * 18 weeks (four months) = $ 4,050

  vi.  Loss of value of car for 18 months:  $ 5,000
  vii.  Reimbursement for cell phone:  $ 600
    a. $ 25 * 24 (months to pay off) = $ 600
  viii.  Reimbursement for cell phone plan:  $ 1,869
    a. $ 89 * 22 (months of service): = $ 1,869
  ix.  Pain & Suffering:  $ 140,000
    i.e. Mental suffering, loss of enjoyment of life, embarrassment, humiliation

**Total: $ 342,519.00**

Plaintiff reserves the right to add any additional damages which come to light through discovery.

**4.**   **Insurance Agreements**

  Not applicable

4

**5.** **Expert Witnesses**

Plaintiff has not retained any expert witnesses but reserves the right to do so as discovery progresses.

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Attorney for Plaintiff

Dated: July 6, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses as directed on the pleadings on July 6, 2018, by:

/s/ Sarah Westerman
Sarah Westerman, Legal Assistant
Carla D. Aikens, P.C.