UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

       Plaintiff,                                         Case No. 17-13737

vs.                                                         HON. MARK A. GOLDSMITH

THE NIELSEN COMPANY (US), LLC,

       Defendant.
_____/

## ORDER REGARDING JOINT FINAL PRETRIAL ORDER AND RELATED SUBMISSIONS

On November 23, 2020, the Court received two documents coded as proposed orders submitted through the ECF utilities function. One of these was the proposed joint final pretrial order, which the parties are ordered to revise and resubmit according to guidance provided in this order. The second was an ex parte letter from Defendant containing information about Defendant's settlement position unknown to Plaintiff. On or before December 11, 2020, Defendant is directed to file, on the docket, a memorandum explaining (i) why it submitted this letter and (ii) why it should not be revealed to Plaintiff (if that that in fact is Defendant's position).

Concerning the proposed joint final pretrial order, the Court notes the following deficiencies:

- The proposed joint final pretrial order does not present claims and defenses in the manner prescribed by section IV(B)(6)(d) of the case management and scheduling order (Dkt. 15). Information about claims and defenses is scattered through sections IV, V, X, and XI of the proposed joint final pretrial order.[1] The revised order shall provide the information required by subsections

---

[1] Sections X and XI are labeled as issues of fact to be litigated and issues of law to be litigated. Unlike E.D. Mich. LR 16.2, this Court does not require such sections. These issues should instead be discussed in the appropriate sections of the joint final pretrial order discussing claims and defenses or evidentiary disputes, as appropriate.

      IV(B)(6)(d)(i-vii) as to each claim and shall use those subsections to structure the presentation of the information.

- Plaintiff's list of exhibits is insufficiently specific. The list includes generic categories such as "Select portions of medical records that are in the possession and control of Defendant." The revised proposed joint final pretrial order must contain a list of specific documents akin to the list presented by Defendant.

- Any objections to proposed exhibits must be raised as required by section IV(B)(6)(i) of the case management and scheduling order.

Each of these deficiencies must be cured by a revised proposed pretrial order, to be submitted no later than December 15, 2020. Furthermore, the parties did not electronically submit jury instruction, a verdict form, a statement of claims and defenses to be read to the jury, or voir dire questions. All of these items were required to have been submitted along with the proposed joint final pretrial order. Each of these documents shall be submitted through the ECF utilities function in an editable MS Word document along with the revised joint final pretrial order.

    SO ORDERED

Dated:  December 9, 2020               s/Mark A. Goldsmith  
      Detroit, Michigan              MARK A. GOLDSMITH  
                                       United States District Judge