UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CAUDLE,

        Plaintiff,                                      Case No. 17-13737

vs.                                                    HON. MARK A. GOLDSMITH

THE NIELSEN COMPANY (US), LLC,

        Defendant.
_____/

**OPINION & ORDER
(1) DIRECTING THE PARTIES TO SUBMIT A REVISED PROPOSED JOINT FINAL
PRETRIAL ORDER AND RELATED DOCUMENTS, AND (2) GRANTING IN PART
AND DENYING IN PART DEFENDANT NIELSEN'S MOTION IN LIMINE (Dkt. 57)**

This opinion and order addresses two matters related to this employment discrimination case: recent submissions by the parties of documents related to the upcoming trial and a motion in limine filed by Defendant The Nielsen Company (Dkt. 57). Each is addressed in turn.

### I. PRETRIAL DOCUMENTS

The Court issued an order regarding the joint final pretrial order and related submissions on December 9, 2020 (Dkt. 58). As part of that order, Nielsen was directed to file, on the docket, a memorandum explaining its basis for submitting an ex parte letter to the Court regarding settlement progress. The memorandum was submitted through the ECF utilities function, not filed on the docket as directed. However, it was shared with opposing counsel. It states that counsel are discussing the matter between themselves. The Court will address the matter further in a future conference with counsel and determine whether additional action by the Court is required.

The December 9 Order also required the parties to submit a revised proposed joint final pretrial order and several related documents. Those documents require the following revisions.

First, Plaintiff Caudle has submitted controverted proposed jury instructions, and both sides have submitted proposed verdict forms. However, the parties have not submitted a joint

document explaining their positions, as required by section I.7.b. of the Order Setting Dates (Dkt. 48). The parties are instructed to review that paragraph of the order and submit a joint document if differences are not resolved.

Second, the proposed joint final pretrial order's "evidentiary issues" section is not specific as to which witnesses and which documents remain under dispute. The parties are ordered to revise that section of the proposed order in light of this opinion's ruling on the motion in limine and in light of the fact that both parties have now presented detailed lists of witnesses and exhibits. Where the admissibility of a particular exhibit or witness is still in dispute, the revised section must say so. Where a controversy exists as to the use of a particular exhibit or the subject matter on which a particular witness may testify (e.g., whether Caudle may testify on the subject of his medical conditions), those specific controversies must be identified. If appropriate, and as required by the Order Setting Dates, the parties must set forth the claimed good cause for why these evidentiary issues were not the subject of a timely motion in limine.

## II. NIELSEN'S MOTION IN LIMINE (Dkt. 57)

Nielsen filed a motion in limine on November 23, 2020. Caudle's deadline for responding has expired. See E.D. Mich. LR 7.1(e)(2) (setting a 14-day deadline for responding to non-dispositive motions). Therefore, the Court rules on the motion without the benefit of Caudle's response.

Nielsen raises six arguments, each of which will be addressed in turn.

### A. Evidence Related to Claims That Have Been Dismissed

Nielsen argues that evidence should be excluded if it relates to claims that have been dismissed. In the abstract, Nielsen is correct that evidence is only relevant if the fact it tends to prove is of consequence in determining the action, Fed. R. Evid. 401, and that claims that have been dismissed are no longer part of the action. However, Nielsen has not identified any particular

pieces of evidence that should be excluded on this basis. That may be because at the time motions in limine were due, Caudle had failed to produce a clear list of exhibits. See 12/9/2020 Order (Dkt. 58).

In the revised joint final pretrial order, Nielsen must identify any pieces of evidence that should be excluded because they do not relate to currently pending claims. If the parties cannot agree on what should be excluded, the Court will rule on that issue at the final pretrial conference or by separate order.

### B. Witnesses Not Disclosed on Plaintiff's April 23, 2019 Witness List

Nielsen seeks to exclude witnesses not identified on Caudle's April 23, 2019 witness list. The Order Setting Dates set forth the following rule regarding witnesses:

> Except as permitted by the Court for good cause, a party may not list a witness in the proposed JFPO [joint final pretrial order] unless the witness was included on a timely filed witness list required under I.B. of this Order. Only witnesses listed in the proposed JFPO will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

Order Setting Dates at 3.

In the most recent proposed joint final pretrial order, Caudle lists five witnesses he intends to call—himself, Ryan Dinsmore, Denise Fantarella, David Shock, and Amanda Culver. All five of those individuals were listed on his April 23, 2019 witness list. The Court has already denied a motion by Caudle to amend his witness list. See 11/12/2020 Op. and Order Denying Pl. Mot. to Amend Witness List (Dkt. 56). That opinion included a determination that Caudle's physicians are not considered to have been listed on the April 23, 2019 witness list based on their inclusion in a generic category. See id.

Accordingly, the Court will exclude anyone not listed on the April 23, 2019 witness list.

### C. Expert Reports and Lay Opinion Testimony Regarding Plaintiff's Medical Condition or Alleged Damages.

Nielsen argues that expert testimony related to Caudle's medical conditions should be excluded. To the extent this argument relates to witnesses, that issue is addressed above. To the extent this argument relates to documentary evidence, Nielsen has not identified any particular exhibits that should be excluded for this reason. However, as previously discussed, this may be because Nielsen was not provided with a timely list of proposed exhibits before it prepared this motion. As part of the revised joint final pretrial order, Nielsen must list any exhibit that should, in its view, be excluded for this reason. The Court will later resolve any disputes on this issue if the parties do not reach agreement.

Nielsen also argues that Caudle should be restricted from offering lay witness testimony related to his medical condition or damages associated therewith, both on the grounds that lay witnesses are unqualified to offer expert testimony and that lay witnesses may not provide legal conclusions. Some of Caudle's descriptions of his medical conditions may be admissible as lay witness testimony because they are "rationally based on the witness's perception," Fed. R. Evid. 701(a), while some may not. Likewise, lay witnesses may testify as to facts tending to prove damages without overstepping their bounds and providing legal conclusions. At this stage, Nielsen's argument is too abstract to be resolved through a motion in limine. Nielsen's motion with respect to this line of argument is denied, but without prejudice to related objections at trial.

### D. Evidence of Damages for Which Plaintiff Failed to Respond to Discovery Requests

Caudle seeks to exclude "documents not timely produced or any testimony or evidence concerning such documents." Once again, now that Nielsen has been provided with a full list of exhibits Caudle intends to introduce, Nielsen must note on the revised joint final pretrial order any documents that should be excluded on this basis. The Court will resolve any disputes that the parties cannot resolve themselves regarding this issue.

### E. Evidence of Wage Loss After April 2018

Nielsen argues that Caudle should be precluded from offering evidence of damages after April 2018, when he was awarded Social Security benefits based on his disability. The argument is twofold: first, that pay is not recoverable for a period in which a person is unable to work, and second, that Caudle did not mitigate damages since that time. Nielsen anticipates that Caudle will attempt to counter this argument by arguing that he became disabled because of Nielsen's actions. Mot. at 16 (Dkt. 57). In response to this argument, Nielsen argues that Caudle "cannot present medical evidence to that effect for the reasons stated above," id., presumably referring to Caudle's lack of physician witnesses and the limitations of lay witness testimony.

This section of Nielsen's brief makes almost no reference to evidence, and it makes no reference whatsoever to the rules of evidence. Instead, Nielsen makes what amounts to an argument that Nielsen is not entitled to damages for wage loss after April 2018 as a matter of law. The implication seems to be that any evidence tending to prove damages after that date would be irrelevant, and, therefore, excludable under Federal Rules of Evidence 401 and 402.

The Sixth Circuit has held that district courts err where they consider issues improperly raised in limine. See Louzon v. Ford Motor Co., 718 F.3d 556, 561-566 (6th Cir. 2013). Louzon offers the following guidance:

> Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. . . . In other words, the motion in limine is an evidentiary device that provides a useful adjunct to other devices for truncating the trial such as motions for summary judgment.
>
> . . .
>
> Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.

Id. at 561(internal citations and marks omitted).

Nielsen does not cite a basis in the rules of evidence for excluding evidence of wage loss after April 2018. But its tactic appears to be exactly what Louzon prohibits: using a relevance argument as a trojan horse to hide a summary judgment argument. Id. at 562-563 (noting that "if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant"). Nielsen's motion in limine is the wrong vehicle to narrow the scope of damages.

Having failed to utilize the summary judgment procedure to define the scope of damages, Nielsen will have to rely on other means of protection from being assessed damages that it contends are not recoverable—well-crafted jury instructions, arguments to the jury, and its own proofs at trial.

Nielsen's motion is denied with respect to evidence of wage loss after April 2018.

**F. Evidence of Alleged Wrongdoing Outside the Statue of Limitations**

Finally, Nielsen argues that Caudle should not be allowed to introduce evidence regarding the following seven events:

1. Plaintiff's July 2014 PIP (Performance Improvement Plan);
2. An alleged 2014 voluntary survey regarding the job satisfaction of African American employees;
3. A September 2014 Ernst and Young Audit;
4. Plaintiff's November 2014 injury and any related allegations about comments Dinsmore or Mata may have made during this time period;
5. Plaintiff's 2014 Annual Review, which he received on February 12, 2015;
6. Plaintiff's First Request to Transfer in 2015;
7. Any alleged remark by Ryan Dinsmore about not "coughing on Dave" in 2015.

Nielsen candidly observes that dicta in United Air Lines v. Evans, 431 U.S. 553, 558 (1977), state that evidence of "a discriminatory act which is not made the basis for a timely charge . . . may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." Nielsen argues that "none of the events above could contribute to his

6

termination where they occurred years before." Mot. at 19. This argument is unreasonable, as Caudle was terminated in 2016, and the alleged events in question occurred in 2014 and 2015. Events that pre-dated termination by a year or two were not so remote as to make that evidence without any probative value.

Nielsen argues further that any probative value of the evidence concerning these seven events is substantially outweighed by the danger of unfair prejudice, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. See Fed. R. Evid. 401-403. Specifically, Nielsen argues that the probative value would be substantially outweighed by the prejudice stemming from the possibility that the jury would evaluate the case based on non-actionable claims.

Caudle's failure to respond makes evaluation of this contention difficult, as does the fact that Nielsen seeks to exclude evidence related to events rather than specific exhibits. Based on the review of the summary judgment record, however, it is possible to make certain determinations. First, background evidence concerning Caudle's performance history and treatment at the company is relevant to pretext and unlikely to be prejudicial, so evidence related to items (1), (5), and (6) is not excluded. Item (2) appears relevant only to race discrimination, so it is excluded. Items (4) and (7) appear directly relevant to the crucial question in this case, which is whether Dinsmore and other decisionmakers fired Caudle based on his performance or based on retaliatory or discriminatory animus. Such evidence is relevant, as a juror could reasonably infer that an individual hostile to Caudle because of his disability at one time would remain hostile a year or two later. Furthermore, a limiting instruction should be able to mitigate any unfair prejudice. To the extent there is some risk of prejudice, Nielsen has not shown that it would substantially outweigh the probative value.

Item (3) will be excluded because its probative value has not been articulated by Caudle, and without an obvious relevance identifiable on the face of the exhibit, the Court will not undertake to hypothesize what it might be. See Fed. R. Evid. 103(a)(2) ("A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and . . . a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."); accord Barner v. Pilkington N. Am., Inc., 399 F.3d 745, 749 (6th Cir. 2005).

To the extent Nielsen was prejudiced in preparing this motion by Caudle's failure to present a clear list of exhibits he intended to introduce, Nielsen may note any exhibits on the proposed joint final pretrial order to which it still objects. The Court will address any such objections at the final pretrial conference.

### III. CONCLUSION

The parties are instructed to submit a revised joint final pretrial order and related documents, through the ECF utilities function, no later than January 11, 2021. Nielsen's motion in limine is granted in part and denied in part in accordance with this opinion and order.

SO ORDERED.

Dated: December 28, 2020           s/Mark A. Goldsmith
       Detroit, Michigan             MARK A. GOLDSMITH
                                        United States District Judge